■ RECTORY REALTY ASSOCIATES et al., Respondents, v TOWN
OF SOUTHAMPTON et al., Respondents, and STEPHEN ANFANG et
al., Proposed Intervenors-Appellants.—In an action, *inter alia,*
for a judgment declaring that the "plaintiffs have a vested
right to use [certain real property] owned by them in accor-
dance with the minimum lot area requirement of the Zoning
Code [of the Town of Southampton] as in effect prior to March
27, 1984", the proposed intervenors-defendants appeal from (1)
an order of the Supreme Court, Suffolk County (Hand, J.),
dated October 13, 1988, which, *inter alia,* denied their motion
for leave to intervene, and (2) an order of the same court, also
dated October 13, 1988, which granted the plaintiffs' cross
motion for summary judgment validating the provisions of a
stipulation of settlement.

Ordered that the order denying the motion to intervene is
affirmed; and it is further,

Ordered that the appeal from the order granting summary
judgment is dismissed as academic; and it is further,

Ordered that the respondents appearing separately and
filing separate briefs are awarded one bill of costs.

The plaintiff Rectory Realty Associates (hereinafter Rectory)
is the developer of Parsonage Pond, a parcel of real property
located in the Town of Southampton which it acquired in
February 1982. In March 1984, after Rectory made extensive
physical improvements to the 31 undeveloped lots, the defen-
dant Town of Southampton amended its Zoning Code, dou-
bling the minimum lot area requirement for residential build-
ing lots. The plaintiff thereafter commenced an action for a
declaratory judgment, challenging the constitutionality of this
amendment as applied to the Parsonage Pond lots.

After extensive negotiations, the parties entered into a
proposed stipulation of settlement in April 1987. Just prior to
the parties' submission of the proposed settlement for judicial
approval *(see,* Town Law § 68 [1]), a motion to intervene was
made by Stephen Anfang and William Brian Little (hereinaf-
ter the proposed intervenors), adjacent landowners, in an
attempt to challenge the validity of the settlement. Special
Term denied leave to intervene as well as their application to
invalidate the settlement. We find no reason to disturb this
determination.

The proposed intervenors brought a motion pursuant to
CPLR 1012 and 1013. These two provisions require that a
"timely motion" be made. Despite the fact that the proposed
intervenors became aware of the events which were transpir-

ing in connection with this action by mid-1986, they did not attempt to intervene in the action until more than a year later. This cannot be considered timely. Moreover, we note that in the interim, based on the prospect of a reasonably prompt settlement, the plaintiff Rectory entered into negotiations with various parties, to sell several parcels of land in Parsonage Pond. We find that the delay caused by the motion to intervene would prejudice the rights of the plaintiffs in this regard *(see,* CPLR 1013; *Matter of Buffalo Mall v Assessor of Town of Clarence,* 101 AD2d 701).

In light of the fact that the motion to intervene was properly denied, the appeal from the order validating the settlement must be dismissed as academic *(see, Matter of Fink v Salerno,* 105 AD2d 489). In any event, contrary to the proposed intervenors' contentions, we find that the settlement constitutes a legitimate compromise of conflicting claims *(see, Matter of Andgar Assocs. v Board of Zoning Appeals,* 30 AD2d 672). Bracken, J. P., Eiber, Harwood and Balletta, JJ., concur.