■ FRANCES McGUIRE et al., Respondents, v LONG ISLAND JEWISH-HILLSIDE MEDICAL CENTER et al., Respondents, et al., Defendant, and METROPOLITAN LIFE INSURANCE COMPANY, Proposed Intervenor-Appellant. [654 NYS2d 420] —In an action to recover damages for medical malpractice, Metropolitan Life Insurance Company appeals from an order of the Supreme Court, Queens County (Milano, J.), dated February 2, 1996, which denied its motion for leave to intervene.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

This is a medical malpractice action on behalf of an infant who allegedly sustained severe injuries as the result of negligently rendered pediatric and surgical care. The infant's father, the plaintiff Robert McGuire, a New York State employee, is provided health insurance coverage under the Empire Plan (hereinafter the Plan), which is administered by Metropolitan Life Insurance Company (hereinafter Met Life).

Seeking reimbursement of its payments and future payments for medical expenses, Met Life moved for leave to intervene based on both its equitable right as the subrogee of Robert McGuire and its right to reimbursement under the insurance contract. The Supreme Court denied Met Life's motion. We affirm.

As we recently noted in *Humbach v Oxford Health Plans* (229 AD2d 64, 68), "the intervention of various medical provid-

ers [in a personal injury action prior to settlement] could create an adversarial posture between carriers and plaintiffs, and could unduly delay the determination of such actions". All insurance carriers who paid benefits to the plaintiff relating to his or her injuries, including health insurance carriers, disability insurance carriers, and no-fault carriers could seek to intervene, transforming simple personal injury actions into complicated multiparty litigation.

At this juncture, the causes of actions asserted in Met Life's proposed amended complaint are premature, and thus its motion for leave to intervene was properly denied. Thompson, J. P., Sullivan, Pizzuto and Santucci, JJ., concur.