■ CHARLES CHESNEY, Respondent, v ELIZABETH CHESNEY, Respondent. DOUGLAS DE PENA, Nonparty Appellant. (Matter No. 1.) In the Matter of ELIZABETH R. CHESNEY, Respondent, v DOUGLAS DE PENA, Appellant. (Matter No. 2.) [689 NYS2d 154] —In a matrimonial action, Douglas De Pena, a nonparty thereto, appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Shapiro, J.), dated February 10, 1998, as denied his motion to intervene and to vacate certain portions of the judgment of divorce, and granted the cross motion of the plaintiff for an award of attorney's fees, and, in a paternity proceeding removed from the Family Court to the Supreme Court, Douglas De Pena appeals from a transcript of the same court, dated April 15, 1998, in which, *inter alia,* it was determined that he pay child support.

Ordered that the order dated February 10, 1998, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the appeal from the transcript dated April 15, 1998, is dismissed, without costs or disbursements, as it is not an appealable paper (*see,* CPLR 5701 [a] [2]; *Schicchi v Green Constr. Corp.,* 100 AD2d 509, 510; *Arena v City of New York,* 23 AD2d 847, 848).

A determination was made in the parties' divorce action that the plaintiff former husband was not the biological father of one of the children born during the marriage. The parties stipulated to a settlement of the action which included a provision releasing the plaintiff from any obligation to support the subject child. The defendant former wife commenced a paternity proceeding in Family Court against the appellant, Douglas De Pena, naming him as the father. De Pena subsequently sought to intervene in the parties' divorce action and to vacate certain provisions of the judgment of divorce concerning the paternity and support of the subject child on the grounds that the plaintiff should be equitably estopped from disclaiming paternity (*see, e.g., Fung v Fung,* 238 AD2d 375; *Matter of Thomas v Rosasco,* 226 AD2d 800).

The Supreme Court denied De Pena's motion for leave to intervene in the divorce action and to vacate certain provisions of the judgment of divorce. The court noted that the doctrine of equitable estoppel was raised by the parties before they stipulated to settle the action and that the Law Guardian approved of the settlement, in part because of the dysfunctional relationship between the former husband and the subject child. We conclude that the Supreme Court's denial of the motion was proper. Since De Pena was not bound by the divorce judgment

he was not entitled to intervene as of right (*see,* CPLR 1012 [a] [2]; *Matter of Tyrone G. v Fifi N.,* 189 AD2d 8). Permissible intervention pursuant to CPLR 1013 was also appropriately denied at this post judgment stage of the proceedings. Aside from the obvious prejudice to the parties caused by reopening the judgment, we disagree with De Pena's contention that he had standing to assert that the plaintiff should be equitably estopped from disclaiming paternity of the subject child. De Pena failed to establish that, under these circumstances, any legitimate interest would be served by vacating the provisions of the judgment of divorce concerning the subject child (*see, Jakobleff v Jakobleff,* 108 AD2d 725).

De Pena's remaining contentions are without merit. O'Brien, J. P., Sullivan, Joy and Krausman, JJ., concur.