■ MAURICE OPARAJI, Respondent, v ROBERT WESTON, Defendant. MADISON QUEENS-GUY BREWER, LLC, Proposed Intervenor-Appellant. [740 NYS2d 238] —In an action, inter alia, to recover damages for defamation, the proposed intervenor,

Madison Queens-Guy Brewer, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Posner, J.), dated March 28, 2001, as denied those branches of its motion which were for leave to intervene to assert a counterclaim and to consolidate this action with an action entitled *Oparaji v Madison Queens-Guy Brewer LLC,* pending in the Supreme Court, Queens County, under Index No. 13196/99, and denied as academic that branch of its motion which was to stay the execution of a judgment entered on November 2, 1998, against the defendant, Robert Weston.

Ordered that the appeal from so much of the order as denied that branch of the motion which was to stay the execution of the judgment is dismissed as academic; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

Intervention under CPLR 1012 and 1013 requires a timely motion (*see* CPLR 1012, 1013; *Rectory Realty Assoc. v Town of Southampton,* 151 AD2d 737). The Supreme Court properly found that the motion of the proposed intervenor, Madison Queens-Guy Brewer, LLC (hereinafter Madison) was untimely (*see Vacco v Herrera,* 247 AD2d 608). Madison sought leave to intervene to assert a proposed counterclaim challenging the judgment entered on November 2, 1998, against the defendant, Robert Weston. Madison had notice of the judgment since the plaintiff commenced a second action against it, inter alia, to set aside a conveyance made by Weston to Madison, allegedly to hinder Oparaji's enforcement of that judgment. Although Madison contested the validity of the judgment in the second action, it waited 20 months before making its motion. Accordingly, denial of the motion was proper. Moreover, the denial, as academic, of that branch of Madison's motion which was for consolidation was also correct. Finally, Madison's request for injunctive relief has been rendered academic because it satisfied the judgment in question while this appeal was pending. Altman, J.P., Krausman, Goldstein and H. Miller, JJ., concur.