■ JONATHAN L. CARNRIKE, Respondent, v ROGER YOUNGS, Defendant. TOWN OF CHEMUNG, Proposed Intervenor-Appellant. [895 NYS2d 225]—

Lahtinen, J. Appeal from an order of the Supreme Court (Mulvey, J.), entered November 13, 2008 in Chemung County, which denied a motion by the Town of Chemung to intervene.

Plaintiff entered into an agreement to purchase certain real property from defendant in February 2007. Eight months later, defendant accepted the offer of the Town of Chemung to purchase the same property. On December 10, 2007, plaintiff commenced the underlying action against defendant asserting breach of contract and seeking specific performance of the parties' agreement. Plaintiff also filed a notice of pendency against the property, which was served on the Town on December 12, 2007. Six weeks after receiving the notice of pendency, the Town accepted a warranty deed to the property from defendant. Thereafter, by order dated May 29, 2008, plaintiff was granted a default judgment in the underlying action, pursuant to which

he was awarded a bargain and sale deed conveying ownership of the property to him. The Town's subsequent motion to intervene in the underlying action—received by Supreme Court on August 28, 2008—was denied on the basis that the underlying action was no longer pending. This appeal ensued.

We affirm. Although intervention may be permitted as of right when an action involves property and the proposed intervenor may be adversely affected by a judgment, or by permission of the court when the proposed intervenor's claim or defense and the underlying action have a common question of law or fact, in either case a motion to intervene must be timely made (*see* CPLR 1012 [a] [3]; 1013). Here, in addition to acknowledged receipt of a notice of pendency at least six months prior to entry of the default judgment, the Town was also provided notice of the underlying action in the form of a letter from plaintiff's attorney dated February 25, 2008. The letter informed the Town that its acquisition of the property was subject to plaintiff's rights in the underlying action and that plaintiff would hold the Town responsible for any and all damages incurred on the property as a result of its activity there. Notwithstanding such information, the Town waited until the action was no longer pending to file its motion to intervene (*see Town of Crown Point v Cummings*, 300 AD2d 873, 874 [2002]). Under such circumstances, we do not consider the motion timely (*see Rectory Realty Assoc. v Town of Southampton*, 151 AD2d 737, 738 [1989]; *compare Matter of Stanford Assoc. v Board of Assessors of Town of Niskayuna*, 39 AD2d 800, 800-801 [1972], *lv denied* 31 NY2d 643 [1972]).

Mercure, J.P., Spain, Rose and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.