■ T & V Construction Corp., Respondent, v Mario J. Pratti et al., Defendants, and U.S. Bank National Association, Proposed Intervenor-Appellant. [898 NYS2d 875]—

In an action, inter alia, to foreclose a mortgage, the proposed intervenor, U.S. Bank National Association, as Trustee for Asset Backed Pass Through Certificates, Series 200-HE1, appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Sgroi, J.), dated March 13, 2009, as denied those branches of its motion which were pursuant to CPLR 1012 to intervene as of right in the action or, in the alternative, pursuant to CPLR 1013 for leave to intervene in the action, and to compel the return of proceeds from the sale of the subject premises based on the doctrine of equitable subrogation.

Ordered that the order is affirmed insofar as appealed from, with costs.

Intervention under CPLR 1012 and 1013 requires a timely motion (see CPLR 1012, 1013; Oparaji v Weston, 293 AD2d 592, 593 [2002]; Rectory Realty Assoc. v Town of Southampton, 151 AD2d 737 [1989]). Here, the motion of the proposed intervenor, U.S. Bank National Association, as Trustee for Asset Backed Pass Through Certificates, Series 200-HE1 (hereinafter U.S. Bank), was untimely (see Oparaji v Weston, 293 AD2d at 593; Vacco v Herrera, 247 AD2d 608 [1998]). U.S. Bank moved, inter alia, pursuant to CPLR 1012 to intervene as of right in this foreclosure action or, in the alternative, pursuant to CPLR 1013 for leave to intervene in the action for the purpose of asserting a defense based on the doctrine of equitable subrogation. The motion was made approximately two years after the plaintiff filed its notice of pendency, and approximately eight months after a judgment of foreclosure and sale was entered in this action. The subject premises had already been sold pursuant to the judgment of foreclosure and sale prior to U.S. Bank's motion. The plaintiff would be prejudiced if it were required to relitigate this foreclosure action, which has already been prosecuted and completed (see Chesney v Chesney, 260 AD2d 340, 341 [1999]; Rectory Realty Assoc. v Town of Southampton, 151 AD2d at 738). Under these circumstances, U.S. Bank was not entitled to intervene in the action (see Carnrike v Youngs, 70 AD3d 1146, 1147 [2010]; Oparaji v Weston, 293 AD2d at 593; Vacco v Herrera, 247 AD2d 608 [1998]; Rectory Realty Assoc. v Town of Southampton, 151 AD2d at 737-738).

In light of our determination, we need not reach U.S. Bank's remaining contentions. Rivera, J.P., Florio, Miller and Austin, JJ., concur. **[Prior Case History: 2009 NY Slip Op 30587(U).]**