OPINION OF THE COURT
Jeffrey S. Sunshine, J.
Introduction
On September 7, 2011, Vanessa Tawil, a nonparty to this post-judgment action and the current wife of the plaintiff, moved by order to show cause for an order of this court permitting: (1) joinder as a necessary party to this postjudgment proceeding pursuant to CPLR 1001 (a); or, alternatively, (2) joinder as a party pursuant to CPLR 1002 (b).
This court must determine if the plaintiffs present wife has any right to join in this postjudgment application, brought by the plaintiffs prior wife, in order to protect the present wife’s interest in her marital estate which is the subject of a divorce proceeding currently pending in New York County.
The plaintiff and the defendant herein, the husband’s prior wife, oppose the current Mrs. Tawil’s application.
Background
On August 9, 2001, the plaintiff and defendant (the former Mrs. Tawil) entered into a stipulation of settlement, which was *815 incorporated but not merged into a judgment of divorce on October 23, 2001 and duly entered with the office of the Kings County Clerk on October 24, 2001. There are two unemancipated children of the marriage between the plaintiff and the defendant.
The plaintiff and the current Mrs. Tawil were married on October 28, 2001. The current Mrs. Tawil is the daughter of plaintiff’s former counsel, Ezra Sutton, Esq., who represented the plaintiff during a prior postjudgment contempt enforcement application between the plaintiff and the former Mrs. Tawil.
On October 15, 2010, the plaintiff instituted a divorce proceeding in New York County against the current Mrs. Tawil, which is presently pending before the Honorable Justice Ellen Gesmer (the New York County proceeding). There are two unemancipated children of the marriage between the plaintiff and the current Mrs. Tawil.
On April 1, 2011, Justice Gesmer issued an order in the New York County proceeding granting pendente lite relief to the current Mrs. Tawil. The plaintiff defaulted on his obligations under the pendente lite order and the current Mrs. Tawil brought an enforcement motion seeking alleged arrears which resulted in a money judgment in the sum of over $186,000 against the plaintiff herein in July 2011. The current Mrs. Tawil brought a subsequent motion for additional arrears when the plaintiff did not satisfy the judgment.
On February 2, 2011, this court issued an oral directive, which was subsequently reduced to a written order and signed by the court on April 26, 2011, requiring the plaintiff (Mr. Tawil) to produce certain documentation to defendant’s counsel within 10 days. Based on the plaintiffs alleged failure to abide by said order, the defendant herein, the former Mrs. Tawil, filed inter alia an order to show cause, dated May 9, 2011, seeking to hold the plaintiff in contempt.
The defendant also moved by separate order to show cause, dated August 25, 2011 (the August 2011 order to show cause), seeking to hold the plaintiff in contempt for his willful refusal to comply with certain terms of the parties’ stipulation of settlement, including allegedly failing to pay the children’s tuition in excess of $57,000, and seeking an order which, as relevant here, would enjoin the plaintiff from transferring, encumbering, selling or borrowing against certain assets, including (1) an apartment where the current Mrs. Tawil resides with the children from her marriage to the plaintiff, (2) alleged marital jewelry *816 the plaintiff gave to the current Mrs. Tawil, (3) any artwork the plaintiff owns and enjoining the plaintiff from making certain payments towards mortgages and leases.
The plaintiff opposes the defendant’s August 2011 order to show cause asserting that a finding of contempt is unwarranted because (1) he is not required to pay the children’s tuition under the terms of the parties’ stipulation of settlement and that (2) even if so obligated his failure to pay is based solely on his inability to do so due to lack of sufficient income and his inability to transfer or sell any existing assets to generate the necessary funds because of the automatic stay issued when he commenced the New York County proceeding against the current Mrs. Tawil. The plaintiff avers that he moved in the New York County proceeding to sell the marital residence and items of marital jewelry in order to satisfy his financial obligations to his prior wife, but that the current Mrs. Tawil opposed his motion and, ultimately, it was denied by Justice Gesmer.
On September 7, 2011, the current Mrs. Tawil filed a nonparty order to show cause in this proceeding seeking an order granting her (1) joinder as a necessary party to this postjudgment proceeding pursuant to CPLR 1001 (a); or, alternatively, (2) permissive joinder as a party pursuant to CPLR 1002 (b). This decision and order relates solely to the application of the nonparty.
According to the affirmation, dated September 6, 2011, submitted in support of her order to show cause, the current Mrs. Tawil seeks to sell certain items of artwork located in the marital residence. She proposes that she is a necessary party to this proceeding because the artwork she wishes to sell is artwork the former Mrs. Tawil is asking the court to enjoin the plaintiff from transferring, encumbering, selling or borrowing against. The current Mrs. Tawil proposes that, based on these circumstances, she must be joined in order to protect any interest she, as the current spouse, may have in her current husband’s assets.
The plaintiff and the former Mrs. Tawil, the defendant herein, oppose the current Mrs. Tawil’s application to be joined in this proceeding.
Discussion
CPLR 1001 (a) provides that “[pjersons who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected *817 by a judgment in the action shall be made plaintiffs or defendants.”
The current Mrs. Tawil contends that her alleged arrears claims against her husband make joining in this proceeding necessary to protect her right to collect against him. The court notes that it is not necessary for the current Mrs. Tawil to be joined herein to obtain what she seeks to accomplish because it is well established that a court has no authority to compel the sale of marital property pendente lite, absent consent, which is what the current Mrs. Tawil purportedly wishes to effectuate by seeking joinder herein (see Domestic Relations Law § 236 [B] [5] [a]; see also Kahn v Kahn, 43 NY2d 203, 210 [1977]; Capurso v Capurso, 61 AD3d 913 [2d Dept 2009]; Brevilus v Brevilus, 41 AD3d 630 [2d Dept 2007]; Adamo v Adamo, 18 AD3d 407 [2d Dept 2005]). The current Mrs. Tawil asserts that “her rights would be inequitably affected by any judgment in this action which fails to take into account her and her children’s rights regarding the assets of the plaintiff’ (affirmation, dated Sept. 6, 2011, at 3-4); however, any final determination of the former Mrs. Tawil’s applications in this proceeding against the plaintiff would solely apply to Mr. Tawil and to his assets once a classification of the assets in the marital estate is ascertained by the court in the New York County divorce proceeding. As such, it cannot be said that any final determination that this court could render would result in an outcome that would inequitably impact the current Mrs. Tawil. Any rights and interest she may have in the marital estate will remain intact; however, the court notes that if a sale is permitted in the New York County proceeding pendente lite the arrears owed to the prior Mrs. Tawil must take priority inasmuch as the plaintiffs obligation to his first family as a matter of law and equity must come first.
For the foregoing, the court finds that the current Mrs. Tawil is not a necessary party to this proceeding. Furthermore, the court finds that the New York County proceeding provides her with the proper means of enforcing any rights and claims she may have as against the plaintiff. The judge in New York County can recognize the full obligation of Mr. Tawil to pay his financial obligations to his first family. Under controlling appellate precedent, the rights of a first family are protected and it has been found that financial obligations to a first family take priority over financial obligations that result from a subsequent family (see generally Patell v Patell, 91 AD2d 1028 [2d Dept 1983]; see also Matter of Windwer v Windwer, 39 AD2d 927 [2d Dept 1972], affd 33 NY2d 599 [1973]).
*818 Here, the current Mrs. Tawil’s attempt to race to the courthouse to obtain a judgment cannot be used to defeat the strong public policy in favor of priority to support a first family. This is especially true where the current spouse knows, or should have known, of any financial obligations existing to the first family.
Additionally, it would be improper for this court to grant the current Mrs. Tawil permissive joinder under CPLR 1002 (b), which provides that “[pjersons against whom there is asserted any right to relief jointly, severally, or in the alternative, arising out of the same transaction, occurrence, or series of transactions or occurrences, may be joined in one action as defendants if any common question of law or fact would arise” (emphasis added).
It is well established in New York that a common question sufficient to satisfy the statutory element in CPLR 1002 (b) must be of substantial importance when compared with all of the issues involved (see Akely v Kinnicutt, 238 NY 466, 472-473 [1924]). The current Mrs. Tawil has not made a showing of any common question that would move this court to extend permissive joinder to her under CPLR 1002 (b). Contrary to the current Mrs. Tawil’s contention, merely because there are two separate pending actions involving alleged arrears owed by the same plaintiff does not create a common question of law or fact.
Separate wrongs to separate persons, as is the case here, even if committed by the same person by similar means and even if pursuant to a single purpose, such as an alleged intent not to honor financial obligations to a spouse and to children due pursuant to court orders, does not create a common interest amongst the wronged. Therefore, the current Mrs. Tawil’s implied assertion that both she and the defendant herein were detrimentally impacted by the plaintiffs alleged failure to meet his financial obligations under court orders in two separate and distinct proceedings is insufficient to satisfy CPLR 1002. The application that is the subject of this postjudgment proceeding and the matrimonial proceeding currently pending in New York County resulted from separate alleged wrongs and the determination of the merits of each claim must turn on the particular facts and circumstances involved. Moreover, the defendant and the current Mrs. Tawil have individual standing to complain of the alleged grievances they may each have against the plaintiff in the venues where their respective proceedings are pending. The court finds that there is no common occurrence, transac *819 tion or series of occurrences or transactions sufficient to warrant permissive joinder of the current Mrs. Tawil to the herein proceeding.
Furthermore, allowing permissive joinder of the current Mrs. Tawil to the herein proceeding would be contrary to the well established public policy behind CPLR 1002. Here, even if there was a common question of law or fact, the distinctiveness of the claims involved in the respective applications by the defendant and by the current Mrs. Tawil would make it impractical to join the current Mrs. Tawil. As discussed by the Court of Appeals in Akely v Kinnicutt (238 NY at 472), the policy behind the statute is to promote efficiency and to conserve the financial means of the parties and the court system through united trials where there is a common question of law or fact that arises out of the same transaction or series of transactions and where a “common trial may be had with fairness to the different parties” (id.). Under the circumstances presented here, most assuredly, permitting the current Mrs. Tawil to join would not result in fairness to the defendant as her interests and the interests of the current Mrs. Tawil are diametrically opposed. As such, this court declines to grant the current Mrs. Tawil permissive joinder under CPLR 1002 (b) because there is no common question of law or fact and even if there were it would be impractical to do so and would not result in fairness to the defendant.
This court also finds that CPLR 601 (a), which provides that “[t]he plaintiff in a complaint or the defendant in an answer setting forth a counterclaim or cross-claim may join as many claims as he may have against an adverse party,” does not provide the current Mrs. Tawil with a procedural method for joining in this postjudgment proceeding. As Professor Siegel notes, CPLR 601 (a) is only available to parties who are involved in the litigation “on the authority of one of the provisions of Article 10 of the CPLR” (NY Prac § 126, at 219 [4th ed]), which the current Mrs. Tawil is not.
Similarly, the court finds that intervention as of right does not provide a basis for the current Mrs. Tawil to intervene. CPLR 1012 (a) states that “[u]pon timely motion, any person shall be permitted to intervene in any action ... (2) when the representation of the person’s interest by the parties is or may be inadequate and the person is or may be bound by the judgment . . . .”
The New York Court of Appeals has specifically ruled that an applicant for intervention is “bound” by a judgment in an ac *820 tion, as contemplated by the statute, only when a judgment would be res judicata as against the applicant (see Vantage Petroleum, Bay Isle Oil Co. v Board of Assessment Review of Town of Babylon, 61 NY2d 695, 698 [1984]). Here, any determination by this court of the defendant’s pending applications in the postjudgment proceeding will have no res judicata implication for the current Mrs. Tawil as she will not be bound by any final determination or judgment resulting from the former Mrs. Tawil’s postjudgment applications against the plaintiff; therefore, the current Mrs. Tawil is not entitled to intervene as of right (see CPLR 1012 [a] [2]; see also Chesney v Chesney, 260 AD2d 340 [2d Dept 1999]). The current Mrs. Tawil may assert and pursue any action or claim she may have against the plaintiff in the New York County proceeding irrespective of the ultimate determination this court makes regarding the defendant’s pending applications.
Permissive intervention pursuant to CPLR 1013 is, likewise, inapplicable in this matter. CPLR 1013 states that
“[u]pon timely motion, any person may be permitted to intervene in any action when a statute of the state confers a right to intervene in the discretion of the court, or when the person’s claim or defense and the main action have a common question of law or fact. In exercising its discretion, the court shall consider whether the intervention will unduly delay the determination of the action or prejudice the substantial rights of any party.”
Permitting the current Mrs. Tawil to intervene would create an adversarial posture between her and the former Mrs. Tawil, which would likely transform a quotidian postjudgment action into a complicated multiparty litigation (see McGuire v Long Is. Jewish-Hillside Med. Ctr., 237 AD2d 417 [1997]; see also Wells Fargo Bank, N.A. v McLean, 70 AD3d 676 [2d Dept 2010]). This court finds that permitting the current Mrs. Tawil to join under these facts and circumstances would almost certainly cause substantial prejudice to the former Mrs. Tawil and the children of the plaintiffs first family.
It would be inequitable to the plaintiffs first family for the court to permit the current Mrs. Tawil to intervene in the defendant’s application when to do so would prejudice the plaintiffs first family. The court is well aware that under the particular facts and circumstances of this matter, the current Mrs. Tawil was, or should have been, fully cognizant that the *821 plaintiff had financial obligations to a first family and, as such, she cannot credibly aver that she was unaware that said obligations would decrease the income and assets available to the subsequent family she built with the plaintiff (see generally Mahoney-Buntzman v Buntzman, 12 NY3d 415 [2009] [where the Court of Appeals held that a spouse was not entitled to a recoupment credit for maintenance payments made by the other spouse during the marriage to a prior spouse]). For the foregoing, the current Mrs. Tawil has no basis to claim that she will be inequitably affected by the plaintiff fulfilling any court ordered financial obligations he owes to the former Mrs. Tawil and the children of his first family.
The plaintiff asserts that he cannot satisfy his financial obligations to the former Mrs. Tawil because of the automatic stay in effect pursuant to the New York County proceeding; however, the court notes that while the plaintiff claims that the pendente lite order in the New York County proceeding is onerous, he fails to appeal it or to seek a stay claiming at oral argument he cannot afford to pay it.
It is evident to this court that the plaintiff and the current Mrs. Tawil are both attempting to utilize the pending proceedings to their respective advantages and to the certain detriment of the defendant.
The court notes that the automatic restraining order resulting from the initiation of a divorce proceeding was never intended to be utilized by a plaintiff as a shield to prevent the enforcement of legitimate orders resulting from enforcement of existing child support or maintenance obligations (see Domestic Relations Law § 236 [B] [2] [b]). The court also notes that the automatic restraining order is not absolute: it allows for payment of ordinary daily living expenses. It should also be noted that Domestic Relations Law § 236 [B] [2] [b] provides that the “automatic orders shall remain in full force and effect during the pendency of the action, unless terminated, modified or amended by further order of the court upon motion of either of the parties or upon written agreement between the parties duly executed and acknowledged.”
This court does not believe that the payment of support and tuition obligations pursuant to a prior court order would constitute dissipation of marital assets that would prejudice a spouse in a subsequent divorce proceeding as contemplated by the statute. If permitted, it would result in any present family obtaining an immediate advantage in any litigation where, such as *822 here, a prior spouse brings a postjudgment enforcement application because the current spouse will likely have more knowledge regarding any existing assets than the prior spouse.
The court is cognizant that the current Mrs. Tawil successfully opposed the plaintiffs attempt to allocate and liquidate assets prior to a final determination of the New York County divorce proceeding in order to satisfy his outstanding financial obligations to the defendant herein.* This postjudgment proceeding is to hear and adjudicate the rights and interests as between the plaintiff and the former Mrs. Tawil, and is not a forum for the current Mrs. Tawil to attempt to interject her asserted interests that are contrary to those of the former Mrs. Tawil.
The current Mrs. Tawil is not without recourse: her appropriate remedy is to pursue any alleged rights and claims as against the plaintiff in the currently pending New York County proceeding. Similarly, the plaintiff herein is not without recourse: he could appeal the pendente lite decision or he could seek to have assets he believes fall outside the marital estate declared his separate property (see Domestic Relations Law § 236 [B] [5] [a]), which would be a question of law within the sound discretion of the court in the New York County divorce proceeding, in order to liquidate any separate property to satisfy his financial obligations.

 There was consent to liquidate an asset which was used to insure that the children of both marriages’ tuition was paid.