▪ JP MORGAN CHASE BANK, N.A., Respondent, v JON EDELSON et al., Defendants. C-CON CORP., Proposed Intervenor-Appellant. [934 NYS2d 847]—

Intervention pursuant to either CPLR 1012 or CPLR 1013

requires a timely motion (see CPLR 1012, 1013; *T & V Constr. Corp. v Pratti*, 72 AD3d 1065 [2010]; *Oparaji v Weston*, 293 AD2d 592, 593 [2002]; *Rectory Realty Assoc. v Town of Southampton*, 151 AD2d 737 [1989]). Here, the proposed intervenor, C-Con Corp. (hereinafter the appellant) moved, inter alia, pursuant to CPLR 1012 or, alternatively, CPLR 1013, for leave to intervene in this action for the purpose of, among other things, asserting a defense based on the plaintiff's alleged lack of standing to commence this foreclosure action. The appellant's motion was made almost four years after the plaintiff filed a notice of pendency in this action, almost two years after it acquired its interest in the subject premises, and months after the Supreme Court awarded a judgment of foreclosure and sale in this action. In view of the appellant's undue delay in seeking leave to intervene, the Supreme Court properly denied its motion as untimely (see *Carnrike v Youngs*, 70 AD3d 1146, 1147 [2010]; *Oparaji v Weston*, 293 AD2d at 593; *Vacco v Herrera*, 247 AD2d 608 [1998]; *RKH Holding Corp. v 207 Second Ave. Realty Corp.*, 236 AD2d 254, 255 [1997]; *Greenpoint Sav. Bank v McMann Enters.*, 214 AD2d 647, 648 [1995]; *Rectory Realty Assoc. v Town of Southampton*, 151 AD2d at 738).

In light of our determination, we need not reach the appellant's remaining contentions. Dillon, J.P., Florio, Chambers and Miller, JJ., concur. **[Prior Case History: 2010 NY Slip Op 32647(U).]**