In an action for a divorce and ancillary relief, nonparties Eleftheria Pappas Grantor Trust and Anthony Pappas & Company, LLP appeal from an order of the Supreme Court, Nassau County (Falanga, J.), entered June 24, 2011, which denied their motion for leave to intervene in the action.
Ordered that on the Court’s own motion, the notice of appeal by Helwig, Henderson, Ryan & Spinola is deemed to be a notice of appeal by nonparties Eleftheria Pappas Grantor Trust and Anthony Pappas & Company, LLP (see CPLR 2001; Matter of Tagliaferri v Weiler, 1 NY3d 605 [2004]); and it is further,
Ordered that the order is affirmed; and it is further,
Ordered that one bill of costs is awarded to the plaintiff.
Contrary to the proposed intervenors’ contention, their motion for leave to intervene was untimely (see JP Morgan Chase Bank, N.A. v Edelson, 90 AD3d 996, 997 [2011]; Carnrike u Youngs, 70 AD3d 1146, 1147 [2010]; A.F.C. Enters., Inc. v New York City School Constr. Auth. [Maxwell High School], 71 AD3d 925, 926 [2010]; Oparaji v Weston, 293 AD2d 592 [2002]). In any event, the proposed intervenors were not entitled to intervene as of right in this action (see CPLR 1012 [a] [2]; A.F.C. *1284 Enters., Inc. v New York City School Constr. Auth. [Maxwell High School], 71 AD3d at 926), as their interests are adequately represented by the defendant. Moreover, the denial at this time of leave to intervene by permission was a provident exercise of the Supreme Court’s discretion (see CPLR 1013; A.F.C. Enters., Inc. v New York City School Constr. Auth. [Maxwell High School], 71 AD3d at 926; Osman v Sternberg, 168 AD2d 490 [1990]).
The proposed intervenors’ remaining contention is without merit. Mastro, A.EJ, Florio, Chambers and Roman, JJ., concur.