■ In the Matter of RUTHERFORD CHEMICALS, LLC, Respondent, v ASSESSOR OF TOWN OF WOODBURY et al., Respondents. MONROE-WOODBURY CENTRAL SCHOOL DISTRICT, Intervenor-Respondent; ELT HARRIMAN, LLC, Proposed Intervenor-Appellant. [982 NYS2d 573]—

In related tax certiorari proceedings pursuant to Real Property Tax Law article 7, the proposed intervenor, ELT Harriman, LLC, appeals from an order of the Supreme Court, Orange County (Bartlett, J.), dated May 17, 2012, which denied its motion, inter alia, for leave to intervene in the proceedings.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

Intervention pursuant to either CPLR 1012 or 1013 requires a timely motion (*see* CPLR 1012, 1013; *U.S. Bank N.A. v Bisono*, 98 AD3d 608, 609 [2012]; *JP Morgan Chase Bank, N.A. v Edelson*, 90 AD3d 996, 996-997 [2011]). Here, the proposed intervenor's motion was made more than four years after it purchased the subject property with the knowledge that these tax certiorari proceedings were pending, almost one year after it was informed that settlement negotiations among the parties had begun, and approximately three weeks after the parties had reached a settlement and submitted an executed consent judgment for approval by the Supreme Court. Under the circumstances presented here, the Supreme Court properly denied, as untimely, that branch of the proposed intervenor's motion which was for leave to intervene (*see Matter of Arcelormittal Lackawanna LLC v City of Lackawanna*, 66 AD3d 1365, 1365-1366 [2009]; *Elias v Town of Brookhaven*, 274 AD2d 495, 496 [2000]; *Rectory Realty Assoc. v Town of Southampton*, 151 AD2d 737, 737-738 [1989]; *Matter of Buffalo Mall v Assessor of Town of Clarence*, 101 AD2d 701 [1984]).

The parties' remaining contentions are academic in light of our determination. Skelos, J.P., Dickerson, Leventhal and Hall, JJ., concur.