In an action to foreclose a mortgage, the proposed intervenor, Henry Grunbaum, appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated June 22, 2015, as denied his cross motion pursuant to CPLR 1012 (a) (3) for leave to intervene in the action as a defendant.
 

 Ordered that the order is affirmed insofar as appealed from, with one bill of costs.
 

 Under CPLR 1012 (a) (3), any person shall be permitted to intervene in an action “when the action involves the disposition or distribution of, or the title or a claim for damages for injury to, property and the person may be affected adversely by the judgment.” By its plain language, CPLR 1012 requires a “timely motion” (CPLR 1012 [a]; see Castle Peak 2012-1 Loan Trust v Sattar, 140 AD3d 1107, 1108 [2016]).
 

 Here, the plaintiff commenced the instant action to foreclose a mortgage on real property in Brooklyn (hereinafter the subject property) in June 2007. In August 2007, the appellant commenced a separate action for specific performance of a contract for the sale of the subject property and made reference to the foreclosure action in his complaint. On November 4, 2010, the Supreme Court granted the appellant’s first motion for summary judgment on the complaint. Despite being awarded specific performance of the contract of sale at that time and having notice of this foreclosure action, the appellant did not seek to intervene in this action until June 17, 2015, eight years after this action was commenced. Under the circumstances, the Supreme Court properly denied the appellant’s cross motion for leave to intervene as untimely (see U.S. Bank N.A. v Bisono, 98 AD3d 608, 609 [2012]; JP Morgan Chase Bank, N.A. v Edelson, 90 AD3d 996, 997 [2011]; T & V Constr. Corp. v Pratti, 72 AD3d 1065, 1066 [2010]; Rectory Realty Assoc. v Town of Southampton, 151 AD2d 737, 738 [1989]).
 

 Dillon, J.P., Austin, Hinds-Radix and LaSalle, JJ., concur.