Fulton Holding Group, LLC v Lindoff (2018 NY Slip Op 07099)





Fulton Holding Group, LLC v Lindoff


2018 NY Slip Op 07099


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-08890
 (Index No. 504974/14)

[*1]Fulton Holding Group, LLC, respondent, 
v
Lindsay Lindoff, etc., et al., defendants, 1068 Fulton USA, LLC, appellant; Fulton Holdings USA, LLC, nonparty-appellant.


The Berkman Law Office, LLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn], of counsel), for appellant.
Allyn & Fortuna LLP, New York, NY (Nicholas Fortuna and Megan J. Muoio of counsel), for nonparty-appellant.
Shapiro & Associates Attorneys at Law, PLLC, Brooklyn, NY (Franklin K. Chiu and Miro Lati of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant 1068 Fulton USA, LLC, appeals, and nonparty Fulton Holdings USA, LLC, separately appeals, from a judgment of foreclosure and sale of the Supreme Court, Kings County (Mark I. Partnow, J.), dated July 11, 2017. The judgment, upon an order of the same court dated November 29, 2016, denying the motion of Fulton Holdings USA, LLC, inter alia, for leave to intervene in the action, and granting the plaintiff's motion, among other things, to confirm a referee's report, and an order of the same court (Carolyn E. Wade, J.), dated August 28, 2015, inter alia, granting the plaintiff's motion for summary judgment on the amended complaint insofar as asserted against the defendant 1068 Fulton USA, LLC, for an order of reference, to strike that defendant's answer and affirmative defenses, and to amend the caption, directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motions which were to confirm the Referee's report, for summary judgment on the amended complaint insofar as asserted against the defendant 1068 Fulton USA, LLC, for an order of reference, and to strike that defendant's answer, except for the affirmative defenses, are denied, the orders dated November 29, 2016, and August 28, 2015, respectively, are modified accordingly, and the answer of the defendant 1068 Fulton USA, LLC, is reinstated except for the affirmative defenses; and it is further,
ORDERED that one bill of costs is awarded to the defendant 1068 Fulton USA, LLC, payable by the plaintiff, and one bill of costs is awarded to the plaintiff, payable by nonparty Fulton Holdings USA, LLC.
On June 18, 2008, the defendant Raymond Patterson executed a note and a mortgage on property he owned in Brooklyn, which were ultimately assigned to the plaintiff. The note and [*2]mortgage had a maturity date of June 18, 2013. According to a deed dated June 27, 2012, the subject property was conveyed, on that day, from Patterson to the defendant Lindsay Lindoff. Patterson subsequently filed a notice of pendency and commenced a quiet title action against Lindoff to set aside the June 27, 2012, deed as a forgery.
On June 2, 2014, the plaintiff commenced the instant action against Patterson and Lindoff, among others, to foreclose the mortgage. By deed dated June 30, 2014, Lindoff purportedly conveyed the subject property to the defendant 1068 Fulton USA, LLC (hereinafter the defendant). On July 1, 2014, Patterson executed a quitclaim deed purportedly conveying the subject property to nonparty Fulton Holdings USA, LLC (hereinafter Fulton Holdings). The quitclaim deed was not recorded until October 8, 2014. On September 25, 2014, the plaintiff filed a notice of pendency and an amended complaint naming the defendant as a party.
By order dated August 28, 2015, the Supreme Court granted a motion by the plaintiff for summary judgment on the amended complaint insofar as asserted against the defendant, for an order of reference, to strike the defendant's answer and affirmative defenses, inter alia, alleging that the action was time-barred and that the plaintiff violated Judiciary Law § 489(1), and to amend the caption. The plaintiff thereafter received, and moved to confirm, the Referee's report. On January 22, 2016, Fulton Holdings moved for leave to intervene in the action, and pursuant to CPLR 3211(a)(5) to dismiss the amended complaint as time-barred. By order dated November 29, 2016, the Supreme Court granted the plaintiff's motion to confirm the Referee's report, and denied Fulton Holdings' motion. A judgment of foreclosure and sale was subsequently entered, from which the defendant and Fulton Holdings appeal.
The determination to deny Fulton Holdings' motion for leave to intervene in the action was a provident exercise of discretion. "Intervention under CPLR 1012 and 1013 requires a timely motion" (Castle Peak 2012-1 Loan Trust v Sattar, 140 AD3d 1107, 1108; see CPLR 1012, 1013; JP Morgan Chase Bank, N.A. v Edelson, 90 AD3d 996, 996-997). Here, Fulton Holdings' motion was not timely, as it was not made until approximately 14 months after Fulton Holdings had notice that the foreclosure action was pending (see JP Morgan Chase Bank, N.A. v Edelson, 90 AD3d 996, 996-997; T & V Constr. Corp. v Pratti, 72 AD3d 1065, 1066).
The plaintiff failed to demonstrate its prima facie entitlement to judgment as a matter of law on the amended complaint insofar as asserted against the defendant. Generally, "[a] plaintiff seeking summary judgment in a mortgage foreclosure action establishes its prima facie entitlement to judgment as a matter of law by producing the mortgage and the unpaid note, and evidence of the default, by proof in admissible form" (Brighton BK, LLC v Kurbatsky, 131 AD3d 1000, 1001; see CPLR 3212[b]; US Bank N.A. v Madero, 125 AD3d 757, 758). Here, the plaintiff failed to submit evidence of default in admissible form. To evince the mortgagor's default, the plaintiff submitted the affidavits of Igor Fleyshmakher, the plaintiff's managing member, and Frank Quintana, the president of 179 Court Street Holding Corp. (hereinafter 179 Court), a prior holder of the mortgage. Fleyshmakher and Quintana both attested to the date of the last payment allegedly received on the mortgage. However, the plaintiff failed to demonstrate the admissibility, under the business records exception to the hearsay rule, of any records relied upon by Fleyshmakher and Quintana (see CPLR 4518[a]; Citibank, N.A. v Cabrera, 130 AD3d 861). Neither Fleyshmakher nor Quintana laid a foundation for, or even identified, the records upon which they relied. Moreover, neither the plaintiff nor 179 Court acquired its interest in the mortgage until after the alleged default date. Thus, neither Fleyshmakher nor Quintana could have established the loan's payment history up to and including the date of default by relying on their respective employers' records. Neither Fleyshmakher nor Quintana asserted that they consulted or relied on the records of 179 Court's predecessor-in-interest. Under these circumstances, the plaintiff failed to establish, prima facie, the mortgagor's default (see U.S. Bank, N.A. v Noble, 144 AD3d 788, 790; HSBC Mtge. Servs., Inc. v Royal, 142 AD3d 952, 954; Citibank, N.A. v Cabrera, 130 AD3d at 861-862).
The plaintiff demonstrated its prima facie entitlement to judgment as a matter of law dismissing the defendant's affirmative defense alleging that the action was time-barred. "With respect to a mortgage payable in installments, separate causes of action accrue for each installment [*3]that is not paid, and the statute of limitations begins to run, on the date each installment becomes due" (Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982; see U.S. Bank N.A. v Gordon, 158 AD3d 832, 835). However, even if a mortgage is payable in installments, once the entire amount of the debt becomes due, either by virtue of the terms of the mortgage or due to an acceleration of the debt, the statute of imitations begins to run on the entire debt (see Plaia v Safonte, 45 AD3d 747, 748; Zinker v Makler, 298 AD2d 516, 517; Notarnicola v Lafayette Farms, 288 AD2d 198, 199). Here, the plaintiff demonstrated, prima facie, that the debt was not accelerated prior to the maturity date of June 18, 2013, and the defendant failed to raise a triable issue of fact in opposition. Since this action was commenced within six years of that date, it was timely. Accordingly, we agree with the Supreme Court's determination to strike the affirmative defense alleging that the action was time-barred.
The plaintiff additionally demonstrated its prima facie entitlement to judgment as a matter of law dismissing the defendant's affirmative defense alleging a violation of Judiciary Law § 489(1) and, in opposition, the defendant failed to raise a triable issue of fact. Under Judiciary Law § 489(1), a corporation or association may not "solicit, buy or take an assignment of, or be in any manner interested in buying or taking an assignment of a bond, promissory note, bill of exchange, book debt, or other thing in action, or any claim or demand, with the intent and for the purpose of bringing an action or proceeding thereon" (see Trust For Certificate Holders of Merrill Lynch Mtge. Invs., Inc, Mtge. Pass-Through Certificate, Series 199-C1 v Love Funding Corp., 13 NY3d 190, 199). However, section 489(2) of the Judiciary Law exempts from the foregoing restrictions of section 489(1) the purchase or assignment of notes, among other things, "issued by or enforceable against the same obligor (whether or not also issued by or enforceable against any other obligors), having an aggregate purchase price of at least five hundred thousand dollars" (Judiciary Law § 489[2]; see Justinian Capital SPC v WestLB AG, N.Y. Branch, 28 NY3d 160, 168). Here, the subject note and mortgage were acquired together with three other notes and mortgages issued by or enforceable against Patterson, for an aggregate purchase price of more than $500,000. Accordingly, because the restrictions of Judiciary Law § 489(1) were inapplicable, we agree with the Supreme Court's determination to strike the affirmative defense asserting a violation of that section.
The parties' remaining contentions need not be reached in light of our determination.
MASTRO, J.P., SGROI, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court