US Bank NA v Osuji (2019 NY Slip Op 06013)





US Bank NA v Osuji


2019 NY Slip Op 06013


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-11404
 (Index No. 6840/13)

[*1]US Bank NA, etc., respondent, 
v
Reginald E. Osuji, et al., defendants; Lawrence Emedoh, et al., nonparty-appellants.


C. Steve Okenwa, P.C., New York, NY, for nonparty-appellants.
Woods Oviatt Gilman LLP, Rochester, NY (Victoria E. Munian of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, nonparties Lawrence Emedoh and Comfort Emedoh appeal from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered September 18, 2017. The order, insofar as appealed from, denied those branches of those nonparties' motion which were for leave to intervene in the action and, thereupon, to vacate a judgment of foreclosure and sale of the same court dated October 29, 2014, and pursuant to CPLR 3211(a)(10) to dismiss the complaint for failure to join them as necessary parties.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In April 2013, the plaintiff commenced this action against the defendant Reginald E. Osuji, among others, to foreclose a mortgage on residential property in Jamaica (hereinafter the premises). Thereafter, the Supreme Court issued a judgment of foreclosure and sale dated October 29, 2014. By order to show cause dated June 27, 2017, nonparties Lawrence Emedoh and his wife, Comfort Emedoh (hereinafter together the appellants), occupants who claimed a right in the property, moved, inter alia, for leave to intervene in the action and, thereupon, to vacate the judgment of foreclosure and sale, and pursuant to CPLR 3211(a)(10) to dismiss the complaint for failure to join them as necessary parties. In an order entered September 18, 2017, the court, inter alia, denied those branches of the motion.
Under CPLR 1012(a)(3), any person shall be permitted to intervene in an action "when the action involves the disposition or distribution of . . . property and the person may be affected adversely by the judgment." CPLR 1012 requires a "timely motion" (CPLR 1012[a]; see Pescatore v Nicole Brittany, Ltd., 153 AD3d 1437, 1437; Castle Peak 2012-1 Loan Trust v Sattar, 140 AD3d 1107, 1108).
Here, the appellants' motion was untimely since it was made more than 4 years after a notice of pendency was filed and the action was commenced on April 9, 2013, more than 2½ years after the judgment of foreclosure and sale was issued on October 29, 2014, and more than 19 months after a notice of sale, advising that the premises were to be sold at public auction, was served on the occupants of the premises, among others, on November 4, 2015 (see Castle Peak 2012-1 Loan Trust [*2]v Sattar, 140 AD3d at 1108; Wells Fargo Bank, N.A. v Mazzara, 124 AD3d 875, 876; U.S. Bank N. A. v Bisono, 98 AD3d 608, 609; JP Morgan Chase Bank, N.A. v Edelson, 90 AD3d 996, 997; T & V Constr. Corp. v Pratti, 72 AD3d 1065, 1066).
Accordingly, we agree with the Supreme Court's determination denying the subject branches of the appellants' motion.
In view of our determination, we need not reach the parties' remaining contentions.
MASTRO, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court