1077 Madison St., LLC v Dickerson (2021 NY Slip Op 04591)





1077 Madison St., LLC v Dickerson


2021 NY Slip Op 04591


Decided on August 4, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 4, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-00559
 (Index No. 34103/06)

[*1]1077 Madison Street, LLC, respondent, 
v
Osbert Dickerson, et al., defendants; Quincy St. III Corp., proposed intervenor-appellant.


Solomon Rosengarten, Brooklyn, NY, for proposed intervenor-appellant.
Law Office of Samuel Katz, PLLC, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the proposed intervenor Quincy St. III Corp. appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated September 12, 2018. The order denied the motion of the proposed intervenor pursuant to CPLR 1012(a)(3) for leave to intervene in the action and, thereupon, to dismiss the complaint or, alternatively, to vacate an order and judgment of foreclosure and sale (one paper) of the same court dated October 26, 2017.
ORDERED that the order is affirmed, with costs.
In November 2006, the plaintiff's predecessor in interest commenced this action against Osbert Dickerson, among others, to foreclose a mortgage on certain real property. The original notice of pendency expired in November 2009. In November 2013, Dickerson conveyed title to the mortgaged property to the proposed intervenor Quincy St. III Corp. (hereinafter Quincy). The deed was recorded on December 3, 2013. Attached to that deed was a document titled "Closing Statement," signed by Quincy and Dickerson, listing, among other things, a "Mortgage on property (Liens on property)" of $400,000.
In August 2015, the plaintiff filed a new notice of pendency. In October 2017, an order and judgment of foreclosure and sale, inter alia, directing the sale of the property was issued. In June 2018, Quincy, as the successor in interest to Dickerson, moved pursuant to CPLR 1012(a)(3) for leave to intervene in the action and, thereupon, to dismiss the complaint or, alternatively, to vacate the order and judgment of foreclosure and sale. In an order dated September 12, 2018, the Supreme Court denied Quincy's motion. Quincy appeals.
Contrary to Quincy's contention, the Supreme Court did not grant that branch of its motion which was for leave to intervene in the action and deny only those branches which were to dismiss the complaint or, alternatively, to vacate the order and judgment of foreclosure and sale; the court, in effect, denied the motion in its entirety as untimely, which was proper, given Quincy's unreasonable delay in filing its motion (see JP Morgan Chase Bank, N.A. v Edelson, 90 AD3d 996, 997; cf. ABM Resources Corp v Doraben, 89 AD3d 773). Pursuant to CPLR 1012(a)(3), "[u]pon timely motion, any person shall be permitted to intervene in any action . . . when the action involves the disposition or distribution of, or the title or a claim for damages for injury to, property and the [*2]person may be affected adversely by the judgment" (see JP Morgan Chase Bank, N.A. v Edelson, 90 AD3d at 997). In considering whether a motion to intervene is timely, "courts do not engage in mere mechanical measurements of time, but consider whether the delay in seeking intervention would cause a delay in resolution of the action or otherwise prejudice a party" (Yuppie Puppy Pet Prods., Inc. v Street Smart Realty, LLC, 77 AD3d 197, 201). Here, Quincy moved for leave to intervene approximately five years after the November 2013 conveyance and approximately seven months after the order and judgment of foreclosure and sale was issued. While it is undisputed that the notice of pendency had lapsed and a new one had not been filed by November 2013 when Quincy purchased the property, it is also undisputed that Quincy had actual notice of the open and unsatisfied mortgage at that time and it does not contend that it lacked actual notice of the plaintiff's claim (cf. Del Pozo v Impressive Homes, Inc., 95 AD3d 1263, 1265).
In light of our determination, we need not reach Quincy's remaining contentions.
LASALLE, P.J., DILLON, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court