D. Penguin Bros. Ltd. v City Natl. Bank
2026 NY Slip Op 03729
June 11, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

D. Penguin Brothers Ltd., et al., Plaintiffs-Respondents,
v
City National Bank, et al., Defendants, U.S. Bank National Association, etc., Nonarty-Appellant.

Decided and Entered: June 11, 2026
Index No. 158949/14|Appeal No. 6857|Case No. 2025-02567|
Before: Manzanet-Daniels, J.P., González, Higgitt, Michael, Chan, JJ.

McCabe, Weisberg & Conway, LLC, Melville (George Franke of counsel), for appellant.
Gordon & Hafner, LLP, Harrison (David E. Gordon of counsel), for respondents.

[*1]
Order, Supreme Court, New York County (Richard G. Latin, J.), entered March 31, 2025, which denied proposed intervenor's motion to intervene, for summary judgment, and to vacate or amend the money judgment, unanimously affirmed, with costs.
Supreme Court properly denied the motion to intervene pursuant to CPLR 1013 because it was not timely made. Proposed intervenor's motion came eight years after plaintiff 64 Green Street LLC intervened in a foreclosure action initiated by proposed intervenor on the property, over four years after 64 Green's mortgage was declared void and stricken in an action 64 Green brought against proposed intervenor to cancel the mortgage, and nearly six months after final judgment was already entered in this action (see JP Morgan Chase Bank, N.A. v Edelson, 90 AD3d 996, 997 [2d Dept 2011], lv dismissed 19 NY3d 857 [2012]; see generally Wells Fargo Bank, N.A. v Gray, 238 AD3d 1098, 1099 [2d Dept 2025]). Moreover, proposed intervenor offered no reason why it did not seek leave to intervene earlier. The additional relief requested by proposed intervenor was thus properly deemed moot.
In view of our disposition of these issues, we need not reach the parties' arguments with respect to the merits of the relief requested by the motion.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 11, 2026