■ CASTLE PEAK 2012-1 LOAN TRUST, Appellant, v ABDUL SATTAR et al., Defendants. SHELEPERS CORP., Proposed Intervenor-Respondent. [35 NYS3d 368]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Bunyan, J.), dated May 6, 2014, which granted the motion of Shelepers Corp. pursuant to CPLR 1012 (a) (3) and 1013 for leave to intervene in the action as a defendant and pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion of Shelepers Corp. pursuant to CPLR 1012 (a) (3) and 1013 for leave to intervene in the action as a defendant and pursuant to CPLR 3211 (a) to dismiss the complaint is denied.

By summons and complaint dated September 20, 2011, the

plaintiff commenced this action against, among others, the defendant Abdul Sattar to foreclose a mortgage after Sattar defaulted on his mortgage payments. A notice of pendency was filed on November 15, 2011. Sattar did not interpose an answer to the complaint and failed to appear at a scheduled foreclosure settlement conference. In light of Sattar's failure to appear or answer the complaint, the plaintiff moved for an order of reference. While that motion was pending, Sattar allegedly transferred title to the subject property to Shelepers Corp. (hereinafter Shelepers). In an order dated September 3, 2013, the Supreme Court granted the plaintiff's motion for an order of reference. By notice of motion dated January 2, 2014, Shelepers moved pursuant to CPLR 1012 (a) (3) and 1013 for leave to intervene in the action as a defendant and pursuant to CPLR 3211 (a) to dismiss the complaint. In the order appealed from, the court granted Shelepers' motion and directed the dismissal of the complaint. We reverse.

Intervention under CPLR 1012 and 1013 requires a timely motion (see CPLR 1012, 1013; *T & V Constr. Corp. v Pratti*, 72 AD3d 1065, 1066 [2010]; *Oparaji v Weston*, 293 AD2d 592, 593 [2002]). Here, Shelepers purchased the subject property with the knowledge that this foreclosure action was pending, and yet it waited over four months before seeking leave to intervene. Under the circumstances of this case, Shelepers' motion for leave to intervene in the action was untimely (see *Wells Fargo Bank, N.A. v Mazzara*, 124 AD3d 875, 876 [2015]; *U.S. Bank N.A. v Bisono*, 98 AD3d 608, 609 [2012]; *JP Morgan Chase Bank, N.A. v Edelson*, 90 AD3d 996, 997 [2011]; *Rectory Realty Assoc. v Town of Southampton*, 151 AD2d 737, 738 [1989]). Accordingly, the Supreme Court should have denied Shelepers' motion for leave to intervene in the action and to dismiss the complaint. Dillon, J.P., Miller, Hinds-Radix and Brathwaite Nelson, JJ., concur.