Federal Natl. Mtge. Assn. v Sanchez (2019 NY Slip Op 03767)





Federal Natl. Mtge. Assn. v Sanchez


2019 NY Slip Op 03767


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2016-11463
 (Index No. 69191/14)

[*1]Federal National Mortgage Association, etc., respondent, 
v
Norma Sanchez, etc., et al., defendants; 134 Coventry, LLC, nonparty-appellant.


Paula A. Miller, P.C., Smithtown, NY, for nonparty-appellant.
Shapiro, DiCaro & Barak, LLC, Rochester, NY (Austin T. Shufelt and Ellis M. Oster of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, nonparty 134 Coventry, LLC, appeals from an order of the Supreme Court, Suffolk County (William B. Rebolini, J.), dated August 9, 2016. The order granted the plaintiff's motion for a judgment of foreclosure and sale and denied that branch of the cross motion of nonparty 134 Coventry, LLC, which was for leave to intervene in the action.
ORDERED that the appeal from so much of the order as granted the plaintiff's motion for a judgment of foreclosure and sale is dismissed, as the appellant is not aggrieved by that portion of the order (see CPLR 5511); and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On June 25, 2007, the defendant Norma Sanchez executed a note and a mortgage on property she owned in Suffolk County. In February 2014, Sanchez allegedly defaulted on her payment obligations. On October 30, 2014, the plaintiff, alleging that it was the holder of the note and mortgage, commenced this action to foreclose the mortgage against Sanchez, among others. A notice of pendency was filed on October 31, 2014.
By deed dated July 13, 2015, Sanchez transferred the property to the defendant Board of Directors of Coventry Manor Townhouses Homeowners Association (hereinafter the Board). By deed dated July 31, 2015, 134 Coventry, LLC (hereinafter the appellant), acquired title to the property from the Board.
On March 21, 2016, the plaintiff moved for a judgment of foreclosure and sale. On April 14, 2016, the appellant cross-moved for leave to intervene in the action pursuant to CPLR 1012 and 1013, and for certain further relief upon intervention. In an order dated August 9, 2016, the Supreme Court granted the plaintiff's motion and denied, as untimely, that branch of the appellant's cross motion which was for leave to intervene. The court did not address the remaining branches of the cross motion.
The Supreme Court providently exercised its discretion in denying that branch of the appellant's cross motion which was for leave to intervene in the action. " Intervention under CPLR 1012 and 1013 requires a timely motion'" (Fulton Holding Group, LLC v Lindoff, 165 AD3d 1045, 1047, quoting Castle Peak 2012-1 Loan Trust v Sattar, 140 AD3d 1107, 1108). Here, the appellant's cross motion was not timely, as it was made approximately eight months after the appellant acquired notice that the foreclosure action was pending (see Fulton Holding Group, LLC v Lindoff, 165 AD3d at 1047; Castle Peak 2012-1 Loan Trust v Sattar, 140 AD3d at 1108; JP Morgan Chase Bank, N.A. v Edelson, 90 AD3d 996, 996-997).
In light of our determination, we need not reach the appellant's remaining contentions regarding that branch of its cross motion which was for leave to intervene.
In light of our determination that the Supreme Court providently exercised its discretion in denying the appellant leave to intervene, the appellant is not aggrieved by so much of the order as granted the plaintiff's motion for a judgment of foreclosure and sale (see CPLR 5511; Spota v County of Suffolk, 110 AD3d 785, 787; Jimenez v Brenillee Corp., 48 AD3d 351, 352). Accordingly, the appeal from so much of the order as granted the plaintiff's motion for a judgment of foreclosure and sale must be dismissed (see CPLR 5511).
MASTRO, J.P., AUSTIN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court