U.S. Bank, N.A. v Tsimbalisty (2020 NY Slip Op 01663)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

U.S. Bank, N.A. v Tsimbalisty

2020 NY Slip Op 01663

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-05107
2017-05108
(Index No. 503376/13)

[*1]U.S. Bank, National Association, etc., respondent,
vVladimir Tsimbalisty, etc., et al., defendants; Brighton Seven Management Corp., nonparty- appellant.

Tsyngauz & Associates, P.C., New York, NY (Yevgeny Tsyngauz, Simon I. Malinowski, and Eleazar Jacobs of counsel), for nonparty-appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Richard P. Haber of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty Brighton Seven Management Corp. appeals from (1) an order of the Supreme Court, Kings County (Noach Dear, J.), dated March 6, 2017, and (2) an order of the same court also dated March 6, 2017. The first order granted that branch of the plaintiff's motion which was for an order of reference and denied the cross motion of nonparty Brighton Seven Management Corp. for leave to intervene in the action. The second order, insofar as appealed from, granted the same relief to the plaintiff, and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the appeal from so much of the first order as granted that branch of the plaintiff's motion which was for an order of reference is dismissed, as the appellant is not aggrieved by that portion of the order (see CPLR 5511); and it is further,
ORDERED that the appeal from the second order is dismissed, as the appellant is not aggrieved thereby (see CPLR 5511); and it is further,
ORDERED that the first order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In June 2013, the plaintiff commenced this mortgage foreclosure action against Vladimir Tsimbalisty (hereinafter the defendant), among others, and filed a notice of pendency against the subject property. An amended complaint and an amended notice of pendency were filed on June 17, 2014. The defendant filed an answer through his court-appointed guardian ad litem. On June 29, 2016, Brighton Seven Management Corp. (hereinafter the appellant) purchased the property from the defendant. In August 2016, the plaintiff moved, inter alia, for an order of reference. By notice of cross motion dated October 31, 2016, the appellant sought leave to intervene in the action. In an order dated March 6, 2017, the Supreme Court granted that branch of the plaintiff's motion and [*2]denied the appellant's cross motion. In a second order of the same date, the court, among other things, granted that branch of the plaintiff's motion, and appointed a referee to compute the amount due to the plaintiff.
The Supreme Court providently exercised its discretion in denying the appellant's cross motion for leave to intervene. "Intervention under CPLR 1012 and 1013 requires a timely motion" (Castle Peak 2012-1 Loan Trust v Sattar, 140 AD3d 1107, 1108). In considering whether a motion to intervene is timely, "courts do not engage in mere mechanical measurements of time, but consider whether the delay in seeking intervention would cause a delay in resolution of the action or otherwise prejudice a party" (Yuppie Puppy Pet Prods., Inc. v Street Smart Realty, LLC, 77 AD3d 197, 201). Another factor is the extent of the time lag between the making of the motion and the proposed intervenor's acquisition of knowledge of the circumstances upon which the motion for leave to intervene is based (see Matter of Stanford Assoc. v Board of Assessors of Town of Niskayuna, 39 AD2d 800, 800-801). Here, the appellant took title to the subject property on June 29, 2016, at which time the plaintiff had filed a notice of pendency, but did not move for leave to intervene until approximately four months later. Under these circumstances, the appellant's cross motion for leave to intervene in the action was untimely (see Castle Peak 2012-1 Loan Trust v Sattar, 140 AD3d at 1108).
In light of our determination that the Supreme Court providently exercised its discretion in denying the appellant leave to intervene, the appellant is not aggrieved by the determinations made in the action other than the denial of its cross motion for leave to intervene (see CPLR 5511; Federal Natl. Mtge. Assn. v Sanchez, 172 AD3d 1005, 1007; Spota v County of Suffolk, 110 AD3d 785, 787). Accordingly, the appeal from so much of the first order as granted that branch of the plaintiff's motion which was for an order of reference and the appeal from the second order must be dismissed (see CPLR 5511).
CHAMBERS, J.P., AUSTIN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court