Deutsche Bank Natl. Trust Co. v Bararaky (2020 NY Slip Op 07035)





Deutsche Bank Natl. Trust Co. v Bararaky


2020 NY Slip Op 07035


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-14376
 (Index No. 32493/15)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Farnaz Bararaky, appellant, et al., defendants.


Michael L. Koplen, New City, NY, for appellant.
Greenberg Traurig, LLP, New York, NY (Leah Jacob of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Farnaz Bararaky appeals from an order of the Supreme Court, Rockland County (Thomas E. Walsh II, J.), dated November 5, 2018. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against certain non-appearing and non-answering defendants and for an order of reference.
ORDERED that the appeal from so much of the order as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against certain non-appearing and non-answering defendants is dismissed, as the appellant is not aggrieved by that portion of the order (see CPLR 5511); and it is further,
ORDERED that the order is affirmed insofar as appealed from and reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In June 2015, the plaintiff commenced this action against the defendant Farnaz Bararaky (hereinafter the defendant), among others, to foreclose a mortgage on a condominium unit in Pomona. The defendant appeared in the action through a notice of appearance, but failed to answer the complaint. Thereafter, the plaintiff moved, inter alia, for leave to enter a default judgment against all non-appearing and non-answering defendants and for an order of reference. The defendant appeals from so much of an order as granted those branches of the plaintiff's motion which were for leave to enter a default judgment against certain non-appearing and non-answering defendants and for an order of reference.
Contrary to the defendant's contention, in the order on appeal, the Supreme Court deemed certain "non-appearing, non-answering defendants" to be in default, which did not include the defendant. The defendant is not aggrieved by so much of the order as granted that branch of the plaintiff's motion which was for a default judgment against those defendants, and the appeal from that portion of the order must be dismissed (see U.S. Bank, N.A. v Tsimbalisty, 181 AD3d 749).
We agree with the Supreme Court's determination granting that branch of the plaintiff's motion which was for an order of reference. Contrary to the defendant's contention, she defaulted in the action by failing to timely answer the complaint; filing a notice of appearance and appearing at settlement conferences did not cure her default (see Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d 1006; LaSalle Bank, N.A. v LoRusso, 155 AD3d 706).
BALKIN, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court