Federal Natl. Mtge. Assn. v Jean (2020 NY Slip Op 07546)





Federal Natl. Mtge. Assn. v Jean


2020 NY Slip Op 07546


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2018-06217
 (Index No. 502888/12)

[*1]Federal National Mortgage Association, etc., respondent, 
v
Phillippe Jean, et al., defendants, E. 38 St. Realty, Inc., nonparty-appellant.


Storch Law, P.C., Brooklyn, NY (Zvi A. Storch of counsel), for nonparty-appellant.
RAS Boriskin, LLC, Westbury, NY (Joseph F. Battista and Leah Lenz of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, nonparty E. 38 St. Realty, Inc., appeals from a judgment of foreclosure and sale of the Supreme Court, Kings County (Noach Dear, J.), dated March 19, 2018. The judgment, insofar as appealed from, upon an order of the same court, also dated March 19, 2018, inter alia, granting the motion of OCWEN Loan Servicing, LLC, the plaintiff's predecessor in interest, for a judgment of foreclosure and sale, and denying the cross motion of E. 38 St. Realty, Inc., for leave to intervene in the action and to dismiss the complaint, confirmed a referee's report and directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is affirmed insofar as appealed from, with costs.
On January 9, 2008, the defendants Phillippe Jean and Mary Jean (hereinafter together the Jeans) executed and delivered a note in the sum of $533,850 and mortgage securing the debt on real property located in Brooklyn. The Jeans entered into a loan modification agreement with the lender on January 20, 2010. The Jeans defaulted on their payment obligations by failing to make the May 1, 2011 payment, and subsequent monthly payments. OneWest Bank, FSB (hereinafter OneWest), the lender's assignee, commenced this action to foreclose the mortgage and filed a notice of pendency on or about September 20, 2012. The Jeans failed to interpose an answer. Mandatory settlement conferences were held on June 24, 2013, and September 18, 2013, and the matter was released from the settlement conference part on September 18, 2013. On or about February 10, 2014, the Jeans executed a deed to the subject property in favor of E. 38 St. Realty, Inc. (hereinafter E. 38 St. Realty). OneWest moved for leave to enter a default judgment and for an order of reference on or about January 16, 2015. By order dated June 17, 2016, OneWest's motion was granted, and OCWEN Loan Servicing, LLC (hereinafter OCWEN), OneWest's assignee, was substituted as the plaintiff. On November 25, 2016, the Referee issued a report of computation. OCWEN moved to confirm the Referee's report and for a judgment of foreclosure and sale on or about February 14, 2017. On August 31, 2017, the Jeans entered into a stipulation of settlement, inter alia, admitting their default on the note and mortgage and consenting to the entry of a judgment of foreclosure and sale. In November 2017, E. 38 St. Realty cross-moved for leave to intervene in the action and to dismiss the complaint pursuant to CPLR 3215(c) and on the ground that OneWest sued on the original note and mortgage instead of the loan modification agreement.
In an order dated March 19, 2018, the Supreme Court granted OCWEN's motion, denied E. 38 St. Realty's cross motion, and amended the complaint to substitute Federal National Mortgage Association ("Fannie Mae"), OCWEN's assignee, as the plaintiff. A judgment of foreclosure and sale was entered upon the order. E. 38 St. Realty appeals.
"'Intervention under CPLR 1012 and 1013 requires a timely motion'" (U.S. Bank, N.A. v Tsimbalisty, 181 AD3d 749, 750, quoting Castle Peak 2012-1 Loan Trust v Sattar, 140 AD3d 1107, 1108). "In considering whether a motion to intervene is timely, 'courts do not engage in mere mechanical measurements of time, but consider whether the delay in seeking intervention would cause a delay in resolution of the action or otherwise prejudice a party'" (U.S. Bank, N.A. v Tsimbalisty, 181 AD3d at 750, quoting Yuppie Puppy Pet Prods., Inc. v Street Smart Realty, LLC, 77 AD3d 197, 201). "Another factor is the extent of the time lag between the making of the motion and the proposed intervenor's acquisition of knowledge of the circumstances upon which the motion for leave to intervene is based" (U.S. Bank, N.A. v Tsimbalisty, 181 AD3d at 750). Here, E. 38 St. Realty took title to the subject property in 2014, at which time OneWest had filed a notice of pendency, but did not move for leave to intervene until more than four years later. The cross motion, inter alia, for leave to intervene was also made more than two years after OCWEN had been granted leave to enter a default judgment against the Jeans. Under these circumstances, E. 38 St. Realty's cross motion, inter alia, for leave to intervene in the action was untimely (see id. at 751; Sharestates Invs., LLC v Hercules, 178 AD3d 1111, 1112; Federal Natl. Mtge. Assn. v Sanchez, 172 AD3d 1005, 1006; Fulton Holding Group, LLC v Lindoff, 165 AD3d 1045, 1047).
Accordingly, we affirm the judgment of foreclosure and sale insofar as appealed from.
RIVERA, J.P., CHAMBERS, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court