Bank of Am., N.A. v New York City Envtl. Control Bd. (2021 NY Slip Op 06337)





Bank of Am., N.A. v New York City Envtl. Control Bd.


2021 NY Slip Op 06337


Decided on November 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
BETSY BARROS
PAUL WOOTEN, JJ.


2019-10107
 (Index No. 18067/09)

[*1]Bank of America, National Association, etc., respondent, 
v
New York City Environmental Control Board, et al., defendants; Kyoungmi Oh, nonparty-appellant.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, Steven Amshen, and Christopher Villanti of counsel), for nonparty-appellant.
McGlinchey Stafford PLLC, New York, NY (Victor L. Matthews and Dana M. Carrera of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, nonparty Kyoungmi Oh appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County (Mojgan Cohanim Lancman, J.), entered September 7, 2018. The order and judgment of foreclosure and sale, upon an order of the same court entered July 24, 2018, denying the motion of nonparty Kyoungmi Oh for leave to intervene in the action, inter alia, confirmed a referee's report and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
In July 2009, the plaintiff commenced this action to foreclose a consolidated mortgage on certain real property in Little Neck (hereinafter the property). By deed dated May 20, 2015, nonparty Kyoungmi Oh (hereinafter Oh) acquired title to the property. By notice of motion dated March 27, 2018, Oh moved for leave to intervene in the instant action. In an order entered July 24, 2018, the Supreme Court denied Oh's motion as untimely. On September 7, 2018, the court entered an order and judgment of foreclosure and sale. Oh appeals.
Intervention pursuant to CPLR 1012 or 1013 requires a timely motion (see Federal Natl. Mtge. Assn. v Jean, 189 AD3d 1178, 1179). "In considering whether a motion to intervene is timely, 'courts do not engage in mere mechanical measurements of time, but consider whether the delay in seeking intervention would cause a delay in resolution of the action or otherwise prejudice a party'" (1077 Madison St., LLC v Dickerson, 197 AD3d 446, 447, quoting Yuppie Puppy Pet Prods., Inc. v Street Smart Realty, LLC, 77 AD3d 197, 201). "Another factor is the extent of the time lag between the making of the motion and the proposed intervenor's acquisition of knowledge of the circumstances upon which the motion for leave to intervene is based" (U.S. Bank, N.A. v Tsimbalisty, 181 AD3d 749, 750).
Here, Oh took title to the property in May 2015, at which time the plaintiff had filed [*2]a notice of pendency against the property, but Oh did not move for leave to intervene for more than two years and ten months after taking title. Under these circumstances, the Supreme Court properly determined that Oh's motion for leave to intervene was untimely (see id. at 750; Federal Natl. Mtge. Assn. v Sanchez, 172 AD3d 1005, 1006; Castle Peak 2012-1 Loan Trust v Sattar, 140 AD3d 1107, 1108).
Accordingly, the Supreme Court properly denied Oh's motion for leave to intervene.
AUSTIN, J.P., DUFFY, BARROS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court