Wilmington Sav. Fund Socy., FSB v Smalls (2024 NY Slip Op 03072)

Wilmington Sav. Fund Socy., FSB v Smalls

2024 NY Slip Op 03072

Decided on June 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2021-03768
 (Index No. 502803/15)

[*1]Wilmington Savings Fund Society, FSB, etc., respondent, 
v
LeRoy Smalls, et al., defendants; AAA Red Sea Holding Company, Inc., nonparty-appellant.

Lawrence Spivak, Jamaica, NY, for nonparty-appellant.
Knuckles Komosinski & Manfro LLP, Elmsford, NY (Max Saglimbeni and Louis A. Levithan of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty AAA Red Sea Holding Company, Inc., appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated September 10, 2020. The order denied the motion of nonparty AAA Red Sea Holding Company, Inc., inter alia, for leave to intervene in the action and, thereupon, pursuant to CPLR 5015(a)(4) to vacate an order and judgment of foreclosure and sale (one paper) of the same court (Noach Dear, J.) dated March 19, 2018.
ORDERED that the order is affirmed, with costs.
In October 2006, LeRoy Smalls (hereinafter the borrower) executed a note in the amount of $399,600 in favor of First National Bank of Arizona, which was secured by a mortgage on certain real property located in Brooklyn. In March 2015, the plaintiff, as the alleged holder of the note and mortgage, commenced this action to foreclose the mortgage against the borrower and the defendant Keva Taylor, among others. Taylor was named as a defendant by virtue of having commenced an action in the Supreme Court, Kings County, in which she asserted an equitable claim to title of the property (hereinafter the Kings County action). In an order dated March 7, 2017, the Supreme Court granted the plaintiff's motion in the instant action, inter alia, for summary judgment on the complaint and for an order of reference.
On June 11, 2017, Taylor and the borrower entered into a stipulation in the Kings County action, pursuant to which the borrower waived his claim to ownership of the property and agreed that Taylor had sole claim to ownership of the property. On the same date, Taylor executed a deed transferring the subject property to nonparty AAA Red Sea Holding Company, Inc. (hereinafter Red Sea).
On December 18, 2017, the plaintiff moved in the instant action to confirm the referee's report and for a judgment of foreclosure and sale. The plaintiff filed a renewed notice of pendency dated March 5, 2018. In an order and judgment of foreclosure and sale dated March 19, [*2]2018, the Supreme Court granted the plaintiff's motion, confirmed the referee's report, and directed the sale of the property.
By order to show cause dated August 31, 2020, Red Sea moved, inter alia, for leave to intervene in the instant action and, thereupon, pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale based, among other things, on the plaintiff's alleged failure to comply with RPAPL 1331. The plaintiff opposed the motion, contending, inter alia, that that branch of the motion which was for leave to intervene should be denied as untimely. In an order dated September 10, 2020, the Supreme Court denied Red Sea's motion, and Red Sea appeals.
"Intervention under CPLR 1012 and 1013 requires a timely motion" (T & V Constr. Corp. v Pratti, 72 AD3d 1065, 1066; see Castle Peak 2012-1 Loan Trust v Sattar, 140 AD3d 1107, 1108). "In considering whether a motion to intervene is timely, 'courts do not engage in mere mechanical measurements of time, but consider whether the delay in seeking intervention would cause a delay in resolution of the action or otherwise prejudice a party'" (U.S. Bank, N.A. v Tsimbalisty, 181 AD3d 749, 750, quoting Yuppie Puppy Pet Prods., Inc. v Street Smart Realty, LLC, 77 AD3d 197, 201). "Another factor is the extent of the time lag between the making of the motion and the proposed intervenor's acquisition of knowledge of the circumstances upon which the motion for leave to intervene is based" (U.S. Bank, N.A. v Tsimbalisty, 181 AD3d at 750).
Here, Red Sea took title to the property on June 11, 2017, at a time when the plaintiff's prior notice of pendency dated March 9, 2015, was still in effect (see CPLR 6513). However, Red Sea failed to move for leave to intervene in the action until August 31, 2020, over two years after the order and judgment of foreclosure and sale had been issued. Under these circumstances, Red Sea's motion, inter alia, for leave to intervene was untimely (see U.S. Bank, N.A. v Tsimbalisty, 181 AD3d at 751; Fulton Holding Group, LLC v Lindoff, 165 AD3d 1057, 1058; Castle Peak 2012-1 Loan Trust v Sattar, 140 AD3d at 1108).
Accordingly, the Supreme Court providently exercised its discretion in denying Red Sea's motion, inter alia, for leave to intervene in the action and, thereupon, pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale.
In light of our determination, we need not reach the parties' remaining contentions.
CONNOLLY, J.P., CHAMBERS, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court