Deutsche Bank Natl. Trust Co. v De La Hoz (2025 NY Slip Op 00842)

Deutsche Bank Natl. Trust Co. v De La Hoz

2025 NY Slip Op 00842

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2022-01714
 (Index No. 10921/09)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Luis De La Hoz, et al., defendants; Sumner Place, LLC, proposed intervenor-appellant.

Law Office of Abigail Shvartsman, P.C., Brooklyn, NY, for proposed intervenor-appellant.
McGlinchey Stafford, PLLC, New York, NY (Margaret J. Cascino of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the proposed intervenor, Sumner Place, LLC, appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated February 18, 2022. The order denied the motion of the proposed intervenor, inter alia, for leave to intervene in the action and to vacate an order and judgment of foreclosure and sale (one paper) of the same court (Ingrid Joseph, J.) dated July 2, 2019.
ORDERED that the order is affirmed, with costs.
In May 2009, the plaintiff commenced this foreclosure action against the defendant Luis De La Hoz, among others, to foreclose a mortgage encumbering certain real property located in Brooklyn. After the plaintiff failed to appear at a status conference, by order dated April 1, 2014 (hereinafter the 2014 dismissal order), the Supreme Court directed dismissal of the complaint without prejudice and directed the County Clerk to cancel the notice of pendency filed against the property.
In June 2017, after a series of transfers, the proposed intervenor, Sumner Place, LLC (hereinafter Sumner), obtained title to the property via quitclaim deed. Sumner concedes that it had been informed of the unsatisfied mortgage and the foreclosure action, but allegedly was assured by its counsel that the action was dismissed and the statute of limitations had expired.
In December 2017, the plaintiff moved to vacate the 2014 dismissal order, to restore the action to the active calendar, and to refer the matter for a settlement conference pursuant to CPLR 3408. In an order dated March 29, 2018, the Supreme Court, inter alia, vacated the 2014 dismissal order, restored the notices of pendency, and restored the action to the court's active calendar.
In September 2018, the plaintiff moved for summary judgment on the complaint insofar as asserted against De La Hoz and for leave to enter a default judgment against the remaining defendants, who had not appeared in the action. In an order dated January 4, 2019, the Supreme [*2]Court, inter alia, granted the plaintiff's motion and referred the action to a referee to compute the amount due to the plaintiff. The plaintiff thereafter moved to confirm the referee's report and for a judgment of foreclosure and sale, which motion the court granted in an order and judgment of foreclosure and sale dated July 2, 2019. The foreclosure sale took place on September 26, 2019.
On October 29, 2019, Sumner moved, inter alia, for leave to intervene in the action and to vacate the order and judgment of foreclosure and sale. In an order dated February 18, 2022, the Supreme Court denied that branch of Sumner's motion which was for leave to intervene as untimely and denied the remaining branches of Sumner's motion as academic. Sumner appeals.
"'Intervention under CPLR 1012 and 1013 requires a timely motion'" (Federal Natl. Mtge. Assn. v Jean, 189 AD3d 1178, 1179, quoting U.S. Bank, N.A. v Tsimbalisty, 181 AD3d 749, 750 [internal quotation marks omitted]). Generally, "[a] timely motion for leave to intervene should be granted when the intervenor has a real and substantial interest in the outcome of the proceedings" (Deutsche Bank Natl. Trust Co. v Allenstein, 201 AD3d 783, 784-785). When considering whether a motion for leave to intervene is timely, "'courts do not engage in mere mechanical measurements of time, but consider whether the delay in seeking intervention would cause a delay in resolution of the action or otherwise prejudice a party'" (U.S. Bank, N.A. v Tsimbalisty, 181 AD3d at 750, quoting Yuppie Puppy Pet Prods., Inc. v Street Smart Realty, LLC, 77 AD3d 197, 201). "Another factor is the extent of the time lag between the making of the motion and the proposed intervenor's acquisition of knowledge of the circumstances upon which the motion for leave to intervene is based" (id.).
Here, more than two years elapsed between Sumner taking title of the property and Sumner moving for leave to intervene in the instant action (see id. at 751; Morequity, Inc. v Centennial Ins. Co., 201 AD3d 929, 931). While it is undisputed that the action was dismissed without prejudice and the notice of pendency had not been restored by June 2017 when Sumner obtained title of the property, it is also undisputed that Sumner had actual notice of the open and unsatisfied mortgage at that time, and it does not contend that it lacked actual notice of the plaintiff's claim (see 1077 Madison St., LLC v Dickerson, 197 AD3d 446, 447). Accordingly, the Supreme Court properly denied Sumner's motion, inter alia, for leave to intervene in the action and to vacate the order and judgment of foreclosure and sale.
Sumner's remaining contentions either are not properly before this Court or need not be reached in light of our determination.
DILLON, J.P., GENOVESI, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court