Wells Fargo Bank, N.A. v Gray (2025 NY Slip Op 03098)

Wells Fargo Bank, N.A. v Gray

2025 NY Slip Op 03098

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2023-10741
2023-10744
 (Index No. 13966/09)

[*1]Wells Fargo Bank, N.A., etc., respondent,
v
Latoyah Gray, et al., defendants; Contact Holdings Corp., nonparty-appellant.

Warner & Scheuerman, New York, NY (Jonathon D. Warner and Karl E. Scheuerman of counsel), for nonparty-appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (David Gantz and Adam Weiss of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty Contact Holdings Corp. appeals from (1) an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated April 11, 2023, and (2) an order and judgment of foreclosure and sale (one paper) of the same court, also dated April 11, 2023. The order granted the plaintiff's motion, inter alia, for a judgment of foreclosure and sale and to confirm a referee's report and denied that branch of the cross-motion of nonparty Contact Holdings Corp. which was for leave to intervene in the action and, in effect, denied those branches of that nonparty's cross-motion which were to dismiss the complaint and to reject the referee's report. The order and judgment of foreclosure and sale, among other things, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
On June 5, 2009, the plaintiff commenced this mortgage foreclosure action against Latoyah Gray, among others, and filed a notice of pendency against the subject property. On September 25, 2009, nonparty Contact Holdings Corp. (hereinafter the appellant) purchased the property from Gray.
In December 2013, the plaintiff moved, inter alia, for an order of reference. By order [*2]dated January 30, 2015, the Supreme Court granted the plaintiff's motion. In July 2022, the plaintiff moved, among other things, for a judgment of foreclosure and sale and to confirm the referee's report. On October 18, 2022, the appellant cross-moved (1) for leave to intervene in the action, (2) to dismiss the complaint, and (3) to reject the referee's report. By order dated April 11, 2023, the court granted the plaintiff's motion, denied that branch of the appellant's cross-motion which was for leave to intervene in the action as untimely, and in effect, denied those branches of the appellant's cross-motion which were to dismiss the complaint and to reject the referee's report. By order and judgment of foreclosure and sale, also dated April 11, 2023, the court, inter alia, confirmed the referee's report and directed the sale of the property.
"Intervention under CPLR 1012 and 1013 requires a timely motion" (T & V Constr. Corp. v Pratti, 72 AD3d 1065, 1066; see Castle Peak 2012-1 Loan Trust v Sattar, 140 AD3d 1107, 1108). "In considering whether a motion to intervene is timely, 'courts do not engage in mere mechanical measurements of time, but consider whether the delay in seeking intervention would cause a delay in resolution of the action or otherwise prejudice a party'" (U.S. Bank, N.A. v Tsimbalisty, 181 AD3d 749, 750, quoting Yuppie Puppy Pet Prods., Inc. v Street Smart Realty, LLC, 77 AD3d 197, 201). "Another factor is the extent of the time lag between the making of the motion and the proposed intervenor's acquisition of knowledge of the circumstances upon which the motion for leave to intervene is based" (U.S. Bank, N.A. v Tsimbalisty, 181 AD3d at 750; see Wilmington Sav. Fund Socy., FSB v Smalls, 228 AD3d 705, 706).
Here, the appellant took title to the property on September 25, 2009, at which time the plaintiff had filed the notice of pendency. Yet, the appellant did not cross-move for leave to intervene in the action until October 18, 2022, more than 13 years later, and more than 7 years after the plaintiff's motion, among other things, for an order of reference was granted, and offered no reason why it did not seek leave to intervene earlier. Under these circumstances, that branch of the appellant's cross-motion which was for leave to intervene was untimely, and the Supreme Court providently exercised its discretion in denying the appellant leave to intervene (see Genzler v JPMorgan Chase Bank, N.A., 228 AD3d 838, 840; U.S. Bank N.A. v Nakash, 195 AD3d 651, 654-655; U.S. Bank, N.A. v Tsimbalisty, 181 AD3d at 750-751; Castle Peak 2012-1 Loan Trust v Sattar, 140 AD3d 1107, 1108). Contrary to the appellant's contention, a motion for leave to intervene may be untimely where, as here, it is made after an order appointing a referee to compute the amount due has already been entered (see U.S. Bank, N.A. v Tsimbalisty, 181 AD3d at 750; Castle Peak 2012-1 Loan Trust v Sattar, 140 AD3d at 1108).
In light of our determination that the Supreme Court providently exercised its discretion in denying the appellant leave to intervene, the appellant's remaining contentions have been rendered academic.
BARROS, J.P., FORD, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court