U.S. Bank N.A. v France (2025 NY Slip Op 03836)

U.S. Bank N.A. v France

2025 NY Slip Op 03836

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
JAMES P. MCCORMACK, JJ.

2022-10530
 (Index No. 22730/07)

[*1]U.S. Bank N.A., etc., respondent,
v
Leroy France, etc., defendant-appellant, et al., defendants; Ranjette Coombs, proposed intervenor-appellant.

Chidi Eze, Brooklyn, NY, for proposed intervenor-appellant.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Leroy France appeals, and the proposed intervenor, Ranjette Coombs, separately appeals, from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Lawrence Knipel, J.), dated May 27, 2022. The order and judgment of foreclosure and sale, insofar as appealed from by the proposed intervenor, upon an order of the same court also dated May 27, 2022, inter alia, denying the proposed intervenor's motion pursuant to CPLR 1012 for leave to intervene in the action and, thereupon, to dismiss the complaint, or, in the alternative, to toll the accrual of interest on the subject mortgage loan, granted the plaintiff's motion, among other things, to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property. The appeal by the defendant Leroy France was deemed dismissed pursuant to 22 NYCRR 1250.10(a).
ORDERED that the appeal by the proposed intervenor from the order and judgment of foreclosure and sale is dismissed (see CPLR 5511), except insofar as it brings up for review so much of the order dated May 27, 2022, as denied his motion, inter alia, for leave to intervene; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In October 2005, the defendant Leroy France (hereinafter the defendant) executed a note in the sum of $380,000, which was secured by a mortgage on certain real property located in Brooklyn. The mortgage was subsequently assigned to the plaintiff.
In June 2007, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. As relevant here, notices of pendency against the property were filed by the plaintiff in June 2007, May 2010, and May 2017, each of which was not renewed and was effective for a period of three years from the date of filing (see CPLR 6513). The defendant [*2]failed to appear or answer the complaint. By order dated December 13, 2007, the Supreme Court granted the plaintiff's motion, inter alia, for leave to enter a default judgment against the defendant and for an order of reference, and appointed a referee to compute the amount due to the plaintiff.
In June 2014, while there was no active notice of pendency on file, the defendant conveyed the property to himself and the proposed intervenor, Ranjette Coombs, for nominal consideration, as joint tenants.
In September 2015, the defendant moved to dismiss the complaint insofar as asserted against him, and by order dated January 22, 2016, the Supreme Court denied the motion. Thereafter, in February 2016, the defendant again moved to dismiss the complaint insofar as asserted against him, and by order dated March 30, 2017, the court denied the motion.
In August 2019, the plaintiff moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. The defendant opposed the plaintiff's motion and cross-moved, among other things, to vacate his default and, thereupon, to dismiss the complaint insofar as asserted against him. Coombs moved, inter alia, pursuant to CPLR 1012 for leave to intervene in the action, and, thereupon, to dismiss the complaint. The plaintiff opposed the defendant's cross-motion and Coombs's motion. By order dated May 27, 2022, the Supreme Court granted the plaintiff's motion, denied the defendant's cross-motion, and denied Coombs's motion. Thereafter, an order and judgment of foreclosure of sale was issued, upon the order, among other things, confirming the referee's report and directing the sale of the property. Coombs appeals.
"'Intervention under CPLR 1012 . . . requires a timely motion'" (Wilmington Sav. Fund Socy., FSB v Smalls, 228 AD3d 705, 706, quoting T & V Constr. Corp. v Pratti, 72 AD3d 1065, 1066). "In considering whether a motion to intervene is timely, 'courts do not engage in mere mechanical measurements of time, but consider whether the delay in seeking intervention would cause a delay in resolution of the action or otherwise prejudice a party'" (U.S. Bank, N.A. v Tsimbalisty, 181 AD3d 749, 750, quoting Yuppie Puppy Pet Prods., Inc. v Street Smart Realty, LLC, 77 AD3d 197, 201). "'Another factor is the extent of the time lag between the making of the motion and the proposed intervenor's acquisition of knowledge of the circumstances upon which the motion for leave to intervene is based'" (Wilmington Sav. Fund Socy., FSB v Smalls, 228 AD3d at 706, quoting U.S. Bank, N.A. v Tsimbalisty, 181 AD3d at 750).
Here, Coombs acquired title to the property as a joint owner with the defendant at a time when none of the three notices of pendency filed by the plaintiff were in effect. However, the defendant and Coombs, as co-owners, have been on notice since at least the making of the defendant's initial motion to dismiss in 2015 that the plaintiff was still litigating the instant action, but Coombs failed to move for leave to intervene in this action until November 2019, more than four years later. Under these circumstances, that branch of Coombs's motion which was for leave to intervene was untimely (see id.; Wells Fargo Bank, N.A. v Mazzara, 124 AD3d 875).
Accordingly, the Supreme Court providently exercised its discretion in denying that branch of Coombs's motion which was pursuant to CPLR 1012 for leave to intervene in the action.
The remaining branches of Coombs's motion were properly denied for lack of standing (see CPLR 3211).
CONNOLLY, J.P., FORD, LOVE and MCCORMACK, JJ., concur.

2022-10530 DECISION & ORDER ON MOTION
U.S. Bank N.A., etc., respondent,
v Leroy France, etc., defendant-appellant,
et al., defendants; Ranjette Coombs,
proposed intervenor-appellant.
(Index No. 22730/07)

Appeal from an order and judgment (one paper) of the Supreme Court, Kings County, dated May 27, 2022. Motion by the respondent, inter alia, to strike stated portions of the brief filed by the proposed intervenor-appellant on the ground that they improperly raise arguments for the first time on appeal. By decision and order on motion of this Court dated January 31, 2024, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to strike stated portions of the brief filed by the proposed intervenor-appellant is denied.
CONNOLLY, J.P., FORD, LOVE and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court