Dean Capital Partners, LLC v 556 Dean Holdings, LLC (2025 NY Slip Op 05938)

Dean Capital Partners, LLC v 556 Dean Holdings, LLC

2025 NY Slip Op 05938

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
DONNA-MARIE E. GOLIA, JJ.

2022-06120
 (Index No. 512689/18)

[*1]Dean Capital Partners, LLC, plaintiff-respondent,
v
556 Dean Holdings, LLC, defendant third-party plaintiff, et al., defendants; Tomohiki Shimura, etc., third-party defendant-respondent, et al., third-party defendants; FBE Holdings, LLC, et al., proposed intervenors-appellants, et al., proposed intervenor.

Gutman Weiss, P.C., Brooklyn, NY (Dov B. Medinets of counsel), for proposed intervenors-appellants.
Frydman, LLC, New York, NY (David S. Frydman and Aram M. Boghosian of counsel), for plaintiff-respondent and third-party defendant-respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the proposed intervenors FBE Holdings, LLC, JK-DSH, LLC, 556 Dean Investors, LLC, and Joseph Taub appeal from stated portions of an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated July 12, 2022. The order, inter alia, denied that branch of the cross-motion of the proposed intervenors, FBE Holdings, LLC, JK-DSH, LLC, 556 Dean Investors, LLC, Richard A. Simeone, and Joseph Taub, which was pursuant to CPLR 1012(a) for leave to intervene by FBE Holdings, LLC, JK-DSH, LLC, 556 Dean Investors, LLC, and Joseph Taub.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In May 2018, the plaintiff commenced this action against the defendant third-party plaintiff, 556 Dean Holdings, LLC (hereinafter Dean Holdings), among others, to foreclose a mortgage. The proposed intervenors, FBE Holdings, LLC, JK-DSH, LLC, 556 Dean Investors, LLC, Richard A. Simeone, and Joseph Taub (hereinafter collectively the proposed intervenors), purportedly on behalf of Dean Holdings, interposed an answer asserting counterclaims and third-party claims against, among others, the third-party defendant Tomohiki Shimura, alleging, among other things, breach of fiduciary duty.
In February 2022, the plaintiff and Shimura moved pursuant to CPLR 3211(a) to dismiss the answer interposed by the proposed intervenors. The proposed intervenors opposed the motion and cross-moved, inter alia, pursuant to CPLR 1012(a) for leave to intervene. In an order dated July 12, 2022, the Supreme Court, among other things, denied that branch of the cross-motion which was pursuant to CPLR 1012(a) for leave to intervene by FBE Holdings, LLC, JK-DSH, LLC, 556 Dean Investors, LLC, and Joseph Taub (hereinafter collectively the appellants). This appeal ensued.
Intervention pursuant to CPLR 1012 requires a timely motion (see CPLR 1012; U.S. Bank, N.A. v Tsimbalisty, 181 AD3d 749, 750). "'In considering whether a motion to intervene is timely, courts do not engage in mere mechanical measurements of time, but consider whether the delay in seeking intervention would cause a delay in resolution of the action or otherwise prejudice a party'" (Wilmington Sav. Fund Socy., FSB v Smalls, 228 AD3d 705, 706 [internal quotation marks omitted], quoting U.S. Bank, N.A. v Tsimbalisty, 181 AD3d at 750; see 1077 Madison St., LLC v Dickerson, 197 AD3d 446, 447). "Another factor is the extent of the time lag between the making of the motion and the proposed intervenor's acquisition of knowledge of the circumstances upon which the motion for leave to intervene is based" (Federal Natl. Mtge. Assn. v Jean, 189 AD3d 1178, 1180 [internal quotation marks omitted]; see Bank of Am., N.A. v New York City Envtl. Control Bd., 199 AD3d 874, 874-875).
The Supreme Court properly denied that branch of the proposed intervenors' cross-motion which was pursuant to CPLR 1012(a) for leave to intervene by the appellants (see Prompt Mtge. Providers of N. Am., LLC v Zarour, 155 AD3d 912, 914; Moon Choung v Allstate Ins. Co., 283 AD2d 468, 468). The cross-motion was made six years after the alleged misconduct and mortgage default and four years after the plaintiff commenced the instant action. Under these circumstances, that branch of the cross-motion was untimely (see Phoenix Life Ins. Co. v Jacob P Ilit A, 177 AD3d 1008, 1009; Castle Peak 2012-1 Loan Trust v Sattar, 140 AD3d 1107, 1108).
The parties' remaining contentions either need not be reached in light of our determination, are improperly raised for the first time on appeal, or were improperly raised for the first time in the proposed intervenors' reply papers before the Supreme Court.
CONNOLLY, J.P., CHAMBERS, DOWLING and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court