LNV Corp. v King (2025 NY Slip Op 06851)

LNV Corp. v King

2025 NY Slip Op 06851

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-09449
 (Index No. 701605/14)

[*1]LNV Corporation, respondent, 
v
Eric M. King, et al., defendants; 19738 Nashville, LLC, nonparty-appellant.

Charles R. Cuneo, P.C., Huntington, NY, for nonparty-appellant.
Perkins Coie LLP, New York, NY (Nelson Vargas and Gary F. Eisenberg of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty 19738 Nashville, LLC, appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered June 22, 2023. The order denied the motion of nonparty 19738 Nashville, LLC, inter alia, for leave to intervene in the action and to vacate an order and judgment of foreclosure and sale (one paper) of the same court entered May 24, 2016.
ORDERED that the order is affirmed, with costs.
In 2014, the plaintiff commenced this action against, among others, the defendant Eric M. King to foreclose a mortgage on certain real property located in Queens (hereinafter the property). In May 2016, an order and judgment of foreclosure and sale was entered, and the plaintiff took title to the property by referee's deed dated August 5, 2016.
In October 2022, nonparty 19738 Nashville, LLC (hereinafter Nashville), moved, inter alia, for leave to intervene in the action and to vacate the order and judgment of foreclosure and sale. In support of its motion, Nashville contended that it had obtained an ownership interest in the property "by way of a chain of deeds from the heirs-at-law of homeowner/named defendant Eric King" and that, because neither it or its predecessors-in-interest were made parties to the instant foreclosure action, their ownership interest remained intact. The plaintiff opposed. By order entered June 22, 2023, the Supreme Court denied Nashville's motion. Nashville appeals.
"Intervention pursuant to CPLR 1012 or 1013 requires a timely motion" (Bank of Am., N.A. v New York City Envtl. Control Bd., 199 AD3d 874, 874; see JPMorgan Chase Bank, N.A. v Mule, 230 AD3d 1234, 1235). "In considering whether a motion to intervene is timely, courts do not engage in mere mechanical measurements of time, but consider whether the delay in seeking intervention would cause a delay in resolution of the action or otherwise prejudice a party" (Bank of Am., N.A. v New York City Envtl. Control Bd., 199 AD3d at 874 [internal quotation marks omitted]). "Another factor is the extent of the time lag between the making of the motion and the proposed intervenor's acquisition of knowledge of the circumstances upon which the motion for leave to intervene is based" (U.S. Bank, N.A. v Tsimbalisty, 181 AD3d 749, 750; see Bank of Am., N.A. v New York City Envtl. Control Bd., 199 AD3d at 874-875).
Here, Nashville only moved to intervene in the instant foreclosure action in October 2022, which, as Nashville concedes, was approximately 20 months after its predecessor-in-interest had filed a plenary action seeking related relief and approximately 8 months after the plenary action was dismissed. Further, Nashville failed to demonstrate when it actually became aware of the instant foreclosure action or otherwise explain its delay in moving for leave to intervene. Nashville's motion was also made more than six years after the order and judgment of foreclosure and sale was entered and the property was sold at auction. Under the circumstances, the Supreme Court properly denied that branch of Nashville's motion which was for leave to intervene (see Genzler v JPMorgan Chase Bank, N.A., 228 AD3d 838, 840; U.S. Bank, N.A. v Tsimbalisty, 181 AD3d at 751; Federal Natl. Mtge. Assn. v Sanchez, 172 AD3d 1005, 1006).
The parties' remaining contentions need not be reached in light of the foregoing.
DUFFY, J.P., BRATHWAITE NELSON, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court