Onewest Bank, FSB v Harrington (2023 NY Slip Op 00430)

Onewest Bank, FSB v Harrington

2023 NY Slip Op 00430

Decided on February 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LINDA CHRISTOPHER
HELEN VOUTSINAS, JJ.

2020-03056
 (Index No. 9748/09)

[*1]Onewest Bank, FSB, appellant, 
v
Richard Harrington, et al., defendants; GG & G Realty Associates, LLC, intervenor-respondent.

Hinshaw & Culbertson, LLP, New York, NY (Schuyler B. Kraus and Jason J. Oliveri of counsel), for appellant.
Schloss & Schloss, PLLC, Airmont, NY (Jonathan B. Schloss of counsel), for intervenor-respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), entered January 29, 2020. The order granted the motion of GG & G Realty Associates, LLC, (1) for leave to intervene in the action, (2) to vacate an order of the same court entered March 28, 2018, granting the plaintiff's motion to vacate the dismissal of the complaint and to restore the action to the calendar, (3) to vacate a judgment of foreclosure and sale entered December 3, 2018, and (4) to direct the Clerk of the County of Rockland to cancel a notice of pendency dated June 8, 2018.
ORDERED that the order entered January 29, 2020, is affirmed, with costs.
This action to foreclose a mortgage was commenced in September 2009, and a notice of pendency was filed at that time. The defendants failed to answer or appear. In an order dated September 19, 2013, after several inadequate filings by the plaintiff, the Supreme Court granted the plaintiff's motion, inter alia, for an order of reference, and directed that dismissal of the complaint without prejudice would result unless a judgment of foreclosure and sale was filed by March 28, 2014.
By order dated April 1, 2014, as the plaintiff had failed to comply with the order dated September 19, 2013, the Supreme Court directed dismissal of the complaint without prejudice, and directed the Clerk of the County of Rockland to cancel the notice of pendency. In March 2016, GG & G Realty Associates, LLC (hereinafter GG & G), purchased the subject property.
In October 2017, the plaintiff moved to vacate the order dated April 1, 2014, and to restore the action to the calendar, claiming that the action had been "administratively dismissed" with no order having been entered. By order entered March 28, 2018, the Supreme Court granted the motion, and subsequently entered a judgment of foreclosure and sale on December 3, 2018.
Thereafter, GG & G moved (1) for leave to intervene in the action, (2) to vacate the order entered March 28, 2018, (3) to vacate the judgment of foreclosure and sale, and (4) to direct [*2]the Clerk of the County of Rockland to cancel a notice of pendency dated June 8, 2018. The Supreme Court granted the motion. The plaintiff appeals.
The Supreme Court properly granted that branch of GG & G's motion which was for leave to intervene (see CPLR 1012[a][3]; 1013). The plaintiff contends that the motion, inter alia, for leave to intervene was untimely, pointing out that the motion was made eight months after the filing of the most recent notice of pendency (see Fulton Holding Group, LLC v Lindoff, 165 AD3d 1045). However, in determining whether a motion to intervene is timely, a court should consider the time between the proposed intervenor's knowledge of the basis for the motion and the making of the motion, and whether any delay in seeking intervention caused prejudice to a party (see U.S. Bank, N.A. v Tsimbalisty, 181 AD3d 749). GG & G was notified of the restoration of this action and the scheduled sale of the subject property mere weeks before making its motion, inter alia, for leave to intervene (cf. Federal Natl. Mtge. Assn. v Sanchez, 172 AD3d 1005; U.S. Bank N.A. v Bisono, 98 AD3d 608). As there was no significant delay, and GG & G has "a real and substantial interest in the outcome of the proceedings," that branch of the motion which was for leave to intervene was properly granted (Windward Bora, LLC v PNC Bank, N.A., 208 AD3d 615, 616 [internal quotation marks omitted]).
The Supreme Court providently exercised its discretion in vacating the March 28, 2018 order "for sufficient reason and in the interests of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68). This discretionary power may be used by the court to relieve a party from a judgment taken through mistake or inadvertence (see Braunstein v Hodges, 180 AD3d 640; CitiMortgage, Inc. v Maldonado, 171 AD3d 1007). Here, the court was unaware, at the time of the plaintiff's motion, inter alia, to restore the action to the calendar, that the property had been sold to GG & G a year and a half earlier, and that two years prior to GG & G's purchase, an order had been issued directing dismissal of the complaint and canceling the notice of pendency. The plaintiff furthermore failed to establish a reasonable excuse for its delay of 3½ years in moving to restore the action to the calendar (see CPLR 5015[a][1]; U.S. Bank, N.A. v Dorvelus, 140 AD3d 850), which delay allowed the statute of limitations to expire (see CPLR 213[4]) six months prior to GG & G's purchase of the subject property (see 21st Mtge. Corp. v Balliraj, 177 AD3d 687). Accordingly, those branches of GG & G's motion which were to vacate the March 28, 2018 order, to vacate the judgment of foreclosure and sale, and to direct the Clerk of the County of Rockland to cancel a notice of pendency dated June 8, 2018, were properly granted.
The parties' remaining contentions are without merit.
DUFFY, J.P., RIVERA, CHRISTOPHER and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court