Genzler v JPMorgan Chase Bank, N.A. (2024 NY Slip Op 03412)

Genzler v JPMorgan Chase Bank, N.A.

2024 NY Slip Op 03412

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LILLIAN WAN, JJ.

2021-05459
 (Index No. 514220/16)

[*1]Shmuel Zvi Genzler, appellant, 
v
JPMorgan Chase Bank, National Association, et al., defendants; U.S. Bank Trust, N.A., etc., nonparty-respondent.

Law Office of Samuel Katz, PLLC, Brooklyn, NY (Joseph J. Schwartz of counsel), for appellant.
Day Pitney LLP, New York, NY (Christina A. Livorsi, Nathaniel T. N. Fleming, and Gregory Bruno of counsel), for nonparty-respondent.

DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated June 21, 2021. The order granted the motion of nonparty U.S. Bank Trust, N.A., for leave to intervene in the action and, thereupon, to vacate an order and judgment (one paper) of the same court (Johnny Lee Baynes, J.) dated December 21, 2016, granting the plaintiff's motion for leave to enter a default judgment against the defendant JPMorgan Chase Bank, National Association, and cancelling and discharging of record the subject mortgage, and for leave to file an answer.
ORDERED that the order is reversed, on the law, with costs, and the motion of nonparty U.S. Bank Trust, N.A., for leave to intervene in the action and, thereupon, to vacate the order and judgment and for leave to file an answer is denied.
On June 1, 2005, Shmuel Zvi Genzler executed a note in the amount of $543,750 in favor of Long Beach Mortgage Company (hereinafter Long Beach). The note was secured by a mortgage on certain real property located in Brooklyn.
On June 8, 2009, JPMorgan Chase Bank, National Association (hereinafter Chase), commenced an action to foreclose the mortgage against Genzler, among others. In an order dated September 26, 2013, the Supreme Court directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c).
On August 15, 2016, Genzler commenced this action against Chase, among others, pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage on the ground that the statute of limitations within which to commence a foreclosure action had expired. On November 7, 2016, Genzler moved for leave to enter a default judgment against Chase. In an order and judgment dated December 21, 2016, the Supreme Court granted Genzler's motion and cancelled and discharged of record the mortgage.
On September 15, 2016, U.S. Bank Trust, N.A. (hereinafter U.S. Bank Trust), [*2]Chase's purported successor in interest, commenced an action to foreclose the mortgage against Genzler, among others (hereinafter the 2016 foreclosure action). In an answer in the 2016 foreclosure action, interposed on November 7, 2017, Genzler asserted an affirmative defense that the mortgage had already been cancelled and discharged of record by the order and judgment in this action. U.S. Bank Trust asserts that this is when it first learned of the existence of this action.
On June 27, 2018, U.S. Bank Trust moved in this action for leave to intervene in the action and, thereupon, to vacate the order and judgment and for leave to file an answer. In support of its motion, U.S. Bank Trust submitted an assignment of mortgage dated December 30, 2014, assigning the mortgage from the Federal Deposit Insurance Corporation, as receiver for Long Beach, to Chase. This assignment was recorded on January 15, 2015. U.S. Bank Trust also submitted a recording sheet reflecting that the mortgage was assigned from Chase to U.S. Bank Trust on September 22, 2016. That assignment was recorded on December 8, 2016—approximately four months after this action was commenced. In an order dated June 21, 2021, the Supreme Court granted U.S. Bank Trust's motion. Genzler appeals.
Upon a timely motion, a person is permitted to intervene as of right in an action involving the disposition of property where that person may be adversely affected by the judgment (see CPLR 1012[a][3]). In addition, a court, in its discretion, may permit a person to intervene, inter alia, when the person's claim or defense and the main action have a common question of law or fact (see id. § 1013). "Whether intervention is sought as a matter of right under CPLR 1012(a), or as a matter of discretion under CPLR 1013, is of little practical significance since a timely motion for leave to intervene should be granted, in either event, where the intervenor has a real and substantial interest in the outcome of the proceedings" (Wells Fargo Bank, N.A. v McLean, 70 AD3d 676, 677; see Deutsche Bank Natl. Trust Co. v Allenstein, 201 AD3d 783, 784-785).
"[I]n determining whether a motion to intervene is timely, a court should consider the time between the proposed intervenor's knowledge of the basis for the motion and the making of the motion, and whether any delay in seeking intervention caused prejudice to a party" (Onewest Bank, FSB v Harrington, 213 AD3d 682, 683). Here, U.S. Bank Trust asserts that it first learned of the existence of this action when Genzler submitted an answer in the 2016 foreclosure action. Genzler's answer in the 2016 foreclosure action was interposed on November 7, 2017. U.S. Bank Trust did not move for leave to intervene in this action until June 27, 2018—more than seven months after learning of this action. Thus, U.S. Bank Trust's motion, inter alia, for leave to intervene was untimely and should have been denied (see U.S. Bank, N.A. v Tsimbalisty, 181 AD3d 749, 750-751).
The parties' remaining contentions need not be reached in light of our determination.
DILLON, J.P., WOOTEN, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court