U.S. Bank N.A. v Severe (2025 NY Slip Op 04198)

U.S. Bank N.A. v Severe

2025 NY Slip Op 04198

Decided on July 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2023-10738
 (Index No. 24592/12)

[*1]U.S. Bank National Association, respondent,
v
Richard Severe, et al., defendants; Montauk R & M, Inc., proposed intervenor-appellant.

Rosenfeld Law Office, Lawrence, NY (Avinoam Rosenfeld of counsel), for proposed intervenor-appellant.
The Frank Law Firm, P.C., Old Brookville, NY (Thomas J. Frank of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the proposed intervenor, Montauk R & M, Inc., appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Mark I. Partnow, J.), dated February 21, 2023. The order and judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court, also dated February 21, 2023, inter alia, granting those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale and denying that branch of the proposed intervenor's cross-motion which was for leave to intervene in the action, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed insofar as appealed from, with costs.
In July 2010, the defendant Richard Severe (hereinafter the defendant) executed a note in the sum of $431,193, which was secured by a mortgage on certain real property located in Brooklyn. Through a series of assignments, the mortgage was assigned to the plaintiff.
The plaintiff commenced this action in December 2012 against the defendant, among others, to foreclose the mortgage, alleging that the defendant had defaulted in tendering his monthly payments due under the note. The plaintiff filed a notice of pendency at the time it commenced this action and additional notices of pendency thereafter. In October 2013, the defendant conveyed the property to Blue Star USA Management, Inc. (hereinafter Blue Star).
In an order dated October 27, 2016, the Supreme Court granted the plaintiff's motion, inter alia, for leave to enter a default judgment against the defendant and for an order of reference, and appointed a referee to compute the amount due to the plaintiff (hereinafter the order of reference). In June 2020, Blue Star conveyed the property to the proposed intervenor, Montauk R & M, Inc. (hereinafter Montauk). In March 2021, during the pendency of this action, Montauk commenced a quiet title action to cancel and discharge of record the mortgage.
In April 2022, the plaintiff moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. Montauk opposed the plaintiff's motion and cross-moved pursuant to CPLR 1012 for leave to intervene in this action as of right and, thereupon, to dismiss the [*2]complaint based on the plaintiff's lack of standing. In an order dated February 21, 2023, the Supreme Court granted the plaintiff's motion and denied, as untimely, that branch of Montauk's cross-motion which was for leave to intervene. Thereafter, an order and judgment of foreclosure and sale was issued, upon the order, among other things, confirming the referee's report and directing the sale of the property. Montauk appeals.
Upon a timely motion, a party is permitted to intervene as of right in an action involving the disposition of property where that party may be adversely affected by the judgment (see CPLR 1012[a][3]). "'[I]n determining whether a motion to intervene is timely, a court should consider the time between the proposed intervenor's knowledge of the basis for the motion and the making of the motion, and whether any delay in seeking intervention caused prejudice to a party'" (Genzler v JPMorgan Chase Bank, N.A., 228 AD3d 838, 840, quoting Onewest Bank, FSB v Harrington, 213 AD3d 682, 683).
Here, the Supreme Court properly denied that branch of Montauk's cross-motion which was for leave to intervene. Blue Star took title to the property in 2013 and conveyed it to Montauk in 2020. In support of its motion, Montauk failed to proffer evidence to demonstrate when it first learned of the existence of this action. However, as the court noted, Montauk could have had constructive notice as early as 2013, as the record demonstrates that Blue Star and Montauk share a common officer. The record further demonstrates that Montauk had actual notice as early as 2021 when it commenced a separate action to quiet title. In any event, Montauk did not move for leave to intervene until August 2022—approximately six years after the order of reference was issued and more than two years after taking title to the property, with a notice of pendency of record. Under these circumstances, that branch of Montauk's cross-motion which was for leave to intervene was untimely.
Montauk's remaining contentions either are without merit, are not properly before this Court, or need not be reached in light of our determination.
GENOVESI, J.P., FORD, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court